SYBIL WHITE, CLAIMANT-APPELLANT, v. BOARD OF RE-
VIEW, DIVISION OF EMPLOYMENT SECURITY, NEW
JERSEY DEPARTMENT OF LABOR & INDUSTRY, AND
MOBIL CHEMICAL CO., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 8, 1976—Decided January 7, 1977.

Before Judges FRITZ, CRAHAY and ARD.

*Ms. Patricia F. Breuninger* of the Union County Legal Services argued the cause for appellant.

*Mr. Jeffrey P. Blumstein,* Deputy Attorney General, argued the cause for respondent Board of Review (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Michael S. Bokar,* Deputy Attorney General, of counsel).

PER CURIAM. This is an appeal from an administrative determination by the Board of Review, Department of Labor and Industry, which affirmed the decision of the Appeal Tribunal holding the claimant (appellant here) disqualified for unemployment benefits. The facts are simple and essentially uncontested. They are also somewhat uncommon.

The employment which appellant left was that made available to her under the New Jersey work release program (*N. J. S. A.* 30:8–44 *et seq.*) while she was serving a prison sentence at the Correctional Institution for Women at Clinton. This job was at Washington, New Jersey. She quit this employment when she was paroled. A condition of appellant's parole from Clinton was that she reside at her home in Plainfield, New Jersey, under the supervision of her mother. Judicial notice may be taken of the fact that Washington and Plainfield are about 38 miles apart, and although they are joined by major highways, appellant has no car. She assigned these transportation difficulties as her sole reason for leaving the job. She testified that to change her parole plan in order to "find a place" nearer the job would have required a six-month continuation of her incarceration at Clinton.

Appellant contends that under these circumstances she should be regarded as having left her work involuntarily. This is the premise upon which she attacks the finding that she left work voluntarily without good cause attributable to the work. While superficially attractive, the argument fails in view of the legislative policy inherent in the statute.

Prior to a statutory amendment in 1961, a leaving for personal reasons did not necessarily result in a disqualification for unemployment benefits. *Berry, Whitson & Berry v. Div., etc., Dept. of Labor and Ind.,* 21 *N. J.* 73 (1956). By *L.* 1961, *c.* 43, § 3, the Legislature amended the existing legislation to require that a leaving "voluntarily without good cause" — a phrase already in the statute — be "attributable to such work" in order to avoid the statutory disqualification. Since that time we have consistently held that causes personal to the claimant and not attributable to the work come within the disqualification of the statute. *Stauhs v. Board of Review,* 93 *N. J. Super.* 451 (App. Div. 1967); see *Zielenski v. Board of Review,* 85 *N. J. Super.* 46 (App. Div. 1964). We find no reason to depart from this view of the statute because the claimant is on parole and subjected to conditions of that parole.

In *Morgan v. Board of Review,* 77 *N. J. Super.* 209, 214 (App. Div. 1962) we affirmed a holding of disqualification, observing that commuting "is usually considered a problem of the employee." Accord, *Putnam v. Dept. of Employment Security,* 103 *N. H.* 495, 175 *A.* 2d 519 (Sup. Ct. 1961). So here.

The claimant seeks help from *DeLorenzo v. Board of Review,* 54 *N. J.* 361 (1969). Apart from the distinguishing fact in *DeLorenzo* that the claimant there was found not to have intended to give up her job, that case offers no comfort to claimant here, for it agrees with that which it conceives to be the holding in *Stauhs, supra,* that "a quit for a cause not 'attributable to such work' was *voluntary* within the sense of the disqualifying clause as amended in 1961." 54 *N. J.* at 363.

A wholly debilitating illness might well cause a quit to be involuntary in the sense that claimant here urges her quit to be involuntary, *i. e.,* not a matter of choice. But unless that illness is work-related, the employee is disqualified from unemployment benefits. *DeLorenzo, supra.*

We are satisfied that the determination of the Board of Review has ample record support and is not arbitrary or capricious as claimant charges.

Affirmed.