151 N.J. Super. 295 (1977)
376 A.2d 1253
MARY K. MEANEY, APPELLANT,
v.
BOARD OF REVIEW AND ATLAS FLORAL DECORATORS, INC., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1977.
Decided June 28, 1977.
*296 Before Judges MATTHEWS, SEIDMAN and HORN.
Ms. Linda A. Palazzolo argued the cause for appellant (Messrs. McElroy, Connell, Foley & Geiser, attorneys; Mr. Richard D. Catenacci, of counsel).
Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for respondent Board of Review (Mr. William F. Hyland, Attorney General, attorney).
*297 No argument was made nor brief filed on behalf of respondent Atlas Floral Decorators, Inc.
The opinion of the court was delivered by HORN, J.A.D.
Claimant appeals from the decision of the Board of Review (Board), Division of Employment Security (Division), affirming a determination of the Appeal Tribunal that she was ineligible for unemployment benefits during the base year from December 29, 1974 to December 27, 1975.
For several years before terminating her employment on November 29, 1974 claimant worked in New Jersey for Atlas Floral Decorators, Inc (Atlas). She left her employment because of impending childbirth and subsequently received temporary disability benefits based on her pregnancy for the four-week period following the delivery of her child on December 4, 1974.
In or about January 1975 she went to the Englewood unemployment compensation office to find out how to file a claim for unemployment benefits. The clerk at that office told her that "I wasn't covered in New Jersey and I should go to New York." She did not insist on filing a claim "[b]ecause I was taking their advice at face value."
Inquiry of the Unemployment Board in New York disclosed that she was ineligible in that state. She was there told to file in New Jersey. In the meantime, claimant filed a complaint with the State Division of Employment Security, which resulted in an investigation and determination that her employer had improperly failed to file required reports and to pay the required unemployment compensation taxes during the time of her employment by it.
This problem was cleared up in November or December 1975 when Atlas paid all the back taxes. On January 5 or 6, 1976 she filed the instant claim for unemployment compensation benefits, which was rejected successively by a Division deputy, the Appeal Tribunal (following an administrative *298 hearing), and finally by the Board, which affirmed the decision of the Appeal Tribunal.
The Appeal Tribunal determined that the claim filed in January 1976 was untimely because it established a base year of December 29, 1974 to December 27, 1975, during which interval claimant was unemployed. N.J.S.A. 43:21-19(c); N.J.S.A. 43:21-4(e). If the claim had been filed in January 1975 it would have established the base year as that for approximately one year preceding the benefit year during which she had been employed and was eligible for unemployment benefits under N.J.S.A. 43:21-19.
Claimant asserts that her failure to file a timely application was due to misleading advice on the part of the clerk, an employee of the Division, so that her claim should not be barred. The Board takes the position that claimant, by that assertion, is contending that the Division is estopped; further, that estoppel may not be invoked against the Division. We do not share the Board's view.
We need not consider whether estoppel applies or does not apply. We need only consider whether the determination below constituted an abuse of discretion on the part of the Board if the application could have been predated in order to afford relief to claimant.
The declared public policy of the Unemployment Compensation Law as set forth in N.J.S.A. 43:21-2, must be interpreted to mean that the law is remedial in nature and hence must be liberally construed in favor of the allowance of benefits. Eagle Truck Transport, Inc. v. Board of Review, 29 N.J. 280, 286 (1959); Westinghouse Elec. Corp. v. Board of Review, 25 N.J. 221 (1957); Teichler v. Curtiss-Wrgiht Corp., 24 N.J. 585 (1957). Administrative agencies in appropriate situations are endowed with powers comparable with those possessed by courts for the purpose of advancing the interests of justice. Air-Way Branches, Inc. v. Board of Review, 10 N.J. 609, 614 (1952). However, such powers may not be exercised in the face of statutory or other superior regulations to the contrary. See Handlon v. Belleville, *299 4 N.J. 99 (1950). Thus, notwithstanding its duty to liberally construe the law, a court is not privileged to extend a statutory time limitation even if it desired to indulge claimant's tardiness (Lowden v. Board of Review, 78 N.J. Super. 467 (App. Div. 1963)) or to grant benefits where a claimant filed to adhere to a statutory requirement by reason of allegedly erroneous information supplied to him by a Division employee (Zimmerman v. Board of Review, 132 N.J. Super. 316 (App. Div. 1975)). See also, Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493 (1955); Boyd v. Dept. of Inst. and Agencies, 126 N.J. Super. 273 (App. Div. 1974), certif. den. 65 N.J. 281 (1974).
Notwithstanding the Board's argument that the Division may not be estopped, the opinion of the Appeal Tribunal seems to recognize that estoppel is not in issue and that the Division is vested with the power to predate an application for benefits so as to provide unemployment compensation in the appropriate case. The opinion specifically states: "Failure to file a timely claim does not justify pre-dating where the late filing is due to the claimant's neglect or oversight or misunderstanding." Indeed, the statute appears to expressly permit predating rather than to forbid it. N.J.S.A. 43:21-19(d) in part provides that: "`Benefit year' with respect to any individual means the 364 consecutive calendar days beginning with the day on, or as of, which he first files a valid claim for benefits * * *." (Emphasis supplied); Thus, the statute itself recognizes that claims may be predated.
This is the more understandable when we judicially notice that generally claimants for unemployment or disability benefits neither consult nor retain counsel in making claims for such benefits. Usually they rely on the expertise and acknowledged helpfulness of the clerks and employees of the Division who serve the public at the various unemployment offices. It would seem that, unless there is absolutely no doubt that a claimant who seeks to file a claim is ineligible, *300 such employees should suggest that a claim be filed in order to avoid the very situation which brings this matter to us.
In the absence of a sound basis for rejecting a claim filed late as a consequence of misinformation supplied by Division personnel to a claimant, such claim should be accepted and predated as authorized. Cf. In re Davidson, 12 A.D.2d 713, 208 N.Y.S.2d 1022 (App. Div. 1960); Horowitz v. Corsi, 271 App. Div. 765, 64 N.Y.S.2d 605 (App. Div. 1946).
We find that the determination below constituted an abuse of discretion; also that it was "clearly a mistaken one and so plainly unwarranted that the interests of justice demand intervention and correction." State v. Johnson, 42 N.J. 146, 162 (1964). See also, Mayflower Securities v. Bureau of Securities, 64 N.J. 85 (1973).
We conclude from the record that claimant's failure to file the claim in January 1975 was solely the consequence of the misinformation and was not due to her neglect. Therefore she is entitled to have her claim predated as of January 1975 and to be tendered the benefits resulting therefrom.
The determination of the Board is reversed. The matter is remanded for proceedings consistent with our expressed views. We do not retain jurisdiction.