156 N.J. Super. 63 (1978)
383 A.2d 453
SOPHIA A. ROCHE, APPELLANT,
v.
BOARD OF REVIEW AND THE VISITING HOMEMAKERS SERVICE OF BURLINGTON, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1977.
Decided February 3, 1978.
*64 Before Judges FRITZ, BOTTER and ARD.
Ms. Sophia A. Roche, appellant, pro se.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent Board of Review (Mr. Michael S. Bokar, Deputy Attorney General, of counsel; Mr. Mark I. Siman, Deputy Attorney General, on the brief).
*65 PER CURIAM.
This is an appeal from a determination of the Board of Review confirming a decision of the Appeal Tribunal finding appellant disqualified for unemployment benefits on the basis she left work for a personal reason and therefore not for good cause attributable to the work. N.J.S.A. 43:21-5(a).
Claimant's absence from her work was precipitated by the conceived necessity for her finding a different place to live[1] since the lady with whom she was living was "driving me crazy" playing religious music. Accordingly, the finding that the claimant's reason for leaving her work was a personal one might easily have been reached on sufficient credible evidence in the whole record. Indeed, such a finding is inescapable and we will not disturb it. Mayflower Securities v. Bureau of Securities, 64 N.J. 85 (1973). We have consistently held that causes personal to the claimant and not attributable to the work come within the disqualification of the statute. White v. Board of Review, 146 N.J. Super. 268 (App. Div. 1977).
Nor is appellant's claim saved because she and the employer chose to call her departure a leave of absence. Despite her statement at the hearing that she intended to return (after an "indefinite leave"), clearly continuity of the employment status was not truly contemplated: appellant was looking for a "live in" job as a substitute, as she now concedes in her brief. In fact, she subsequently accepted such employment. A leave of absence connotes a continuity of the employment status not conditioned upon such things as contingent availability of employment or change of heart. Lewis v. California Unemployment Ins. App. Bd., 56 Cal. App.3d 729, 128 Cal. Rptr. 795 (D. Ct. App. 1976); cf. Bowers v. American Bridge Co., 43 N.J. Super. 48 (App. Div. 1956), aff'd o.b. 24 N.J. 390 (1957).
Affirmed.
NOTES
[1] In her pro se brief before us appellant details this search as her decision "to find a job with a permanent live in arrangement."