KATHERINE HALENAR, CLAIMANT-APPELLANT, v. SAYRE-VILLE BOARD OF EDUCATION AND THE BOARD OF RE-VIEW, DEPARTMENT OF LABOR AND INDUSTRY, DIVISION OF UNEMPLOYMENT AND DISABILITY INSURANCE, RE-SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 23, 1980—Decided January 19, 1981.

158

Before Judges FRITZ, POLOW and JOELSON.

*Arnold S. Cohen* argued the cause for appellant (*Rothbard, Harris & Oxfeld,* attorneys).

*Michael J. Haas,* Deputy Attorney General, argued the cause for respondent Board of Review (*John J. Degnan,* Attorney General of New Jersey, attorney; *Michael S. Bokar,* Deputy Attorney General, of counsel; *Herbert J. Sablove,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

FRITZ, P. J. A. D.

This is an appeal by a claimant from a decision of the Board of Review, Division of Unemployment and Disability Insurance. That Board affirmed a determination of the Appeal Tribunal that claimant was ineligible for benefits. This ineligibility was predicated upon claimant's failure to earn wages of $30 or more in 20 calendar weeks during the base year period or in the alternative to earn $2,200 or more during the base year period, pursuant to *N.J.S.A.* 43:21–4(e). We affirm.

The facts are not in dispute. Appellant was a teacher employed by the Sayreville Board of Education (Sayreville) commencing in September 1972. In June 1978 appellant sought and received a one-year maternity leave of absence from her employment without pay. In January 1979 she was advised that she would not be rehired for the school term commencing September 1979 because of a reduction in force. However, her leave of absence was not terminated.

Appellant testified that she called the local unemployment office in January 1979, after she received notice she would not be continued in employment on the expiration of her leave of absence. At that time, appellant states,

... they told me that I was still employed until June—until the end of June, 79, receiving benefits from the school. Therefore, I could not collect.

She filed a claim on June 28, 1979. The deputy who considered the claim initially, the Appeals Tribunal and the Board of Review all concurred that this claim was invalid for want of statutorily sufficient base weeks and wages.

It is essential to a proper understanding of the problem that it be recognized at the outset that appellant was not unemployed until June 1979. Whatever the consequences of the advice she received in January of that year relating that her employment would not continue into the 1979–80 school year, she remained an employee of Sayreville until June 1979, albeit on leave of absence with whatever benefits that status retained.

That appellant herself does not appreciate that essential fact is demonstrated by the parenthetical inclusion tucked away in the text of her brief, commenting that with respect to the "pertinent base year," the Division "incorrectly set [it] at June 28, 1978 to June 28, 1979 rather than September 1, 1977 to August 31, 1978." A leave of absence connotes a continuity of the employment status. *Roche v. Bd. of Rev.*, 156 *N.J.Super.* 63, 65 (App.Div.1978). Appellant was not in fact unemployed until June 28, 1979 (or thereabouts[1]) and so could not file a "valid claim for benefits" prior to that date. Accordingly, the Division was essentially (see n. 1) correct in its establishment of the base year. *N.J.S.A.* 43:21–19(c) and (d).

That being so, it follows that appellant's complaint "she was supplied with misinformation by the local claims office regarding the date on which she could properly file her claim" is ill-founded. In January 1979 appellant was in fact still employed and still receiving the continuing benefits of that employment, other than salary, such as the contractual "fringe" benefits. She had at that time no "valid claim" predicated upon unemployment. Predating to September 1978 or even to January 1979 would avail nothing. *Meaney v. Bd. of Rev.*, 151 *N.J.Super.* 295 (App.Div.1977), in which the claimant *left her employment,* is distinguishable.

Appellant argues, "Because Ms. Halenar was no longer working on September 1, 1978, she could properly file a claim on that date." At best this statement is ambiguous in its apparent equation of "not working" with "unemployment." At worst it ignores the requirement of *N.J.S.A.* 43:21–4 that an absolute precondition to eligibility is unemployment. While it is true that appellant was not at work teaching school, the fact is she was still employed. She could not then file a valid claim.

[1]Appellant's contract does not appear in the record. It may well be that the employment terminated at the end of August 1979 rather than contemporaneously with the expiration of the leave of absence in June 1979. A discrepancy of this nature does not affect our conviction that the employment did not terminate *prior* to June 1979.

Counsel for appellant urges the equities of the situation and complains of the harshness of the rule. Only a total absence of humanity would prompt disagreement with that plaint. But the statutes are clear and no rule of liberality condones our ignoring their plain language. The difficulties of the situation, not entirely uncommon in our experience, should be addressed to the Legislature rather than to us.

Appellant, citing *Castellano v. Linden Bd. of Ed.*, 79 *N.J.* 407 (1979), also argues that a denial of benefits constitutes illegal sex discrimination. The argument lacks merit. The proscribed conduct in *Castellano* by definition applied only to pregnant women. The rule of law here given effect applies to any individual, male or female, who seeks, by virtue of a leave of absence, to retain employment benefits while absenting himself or herself from work. To hold otherwise in the case of pregnant women would itself be discriminatory.

Affirmed. No costs.