**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3382-18T3

MICHELE KEELER,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and MASCHIO'S FOOD SERVICE,

      Respondents.

_____

Submitted February 26, 2020 – Decided April 14, 2020

Before Judges Koblitz and Whipple.

On appeal from the Board of Review, Department of Labor, Docket No. 171,646.

Michele Keeler, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Elizabeth A. Davies, Deputy Attorney General, on the brief).

Respondent Maschio's Food Service has not filed a brief.

PER CURIAM

Appellant Michele Keeler appeals from a March 15, 2019 final decision of the Board of Review affirming her denial of unemployment benefits for the week of December 23 through December 29, 2018, for failure to timely report in accordance with N.J.A.C. 12:17-4.2(b).

Because Keeler did attempt, within time, to submit her claim through the methods prescribed by the Department of Labor's Division of Unemployment Insurance (Division), and it was unsuccessful not because of her oversight, neglect, or misunderstanding of the law, but rather because of technical difficulties that were not within her control, we reverse and remand for a determination of benefits for the week of December 23 through December 29, 2018.

Keeler has been employed by Maschio's food service, a school lunch program, as a cook since 2005, where she works Monday through Friday from 7:30 a.m. until 2:00 p.m. She is paid around $16 per hour. Every year, her employer closes for the Christmas holiday, which in 2018 was between December 22 through January 1; Keeler returned to work on January 2, 2019.

Keeler first opened her 2018 unemployment claim on June 17, 2018, for a weekly benefit rate of $290 and a maximum benefit of $7,540. When Keeler

attempted to reopen that claim for the week of December 23 through December 29, the week she was out of work because her employer was closed, she had difficulty getting through. Keeler did eventually get through by way of the internet on December 26, at which time she first helped her husband, who is a school crossing guard, apply for his benefits for that week. After Keeler's husband's claim went through, Keeler applied for her own claim. However, while her husband received his benefits on January 4, Keeler did not receive hers.

On January 9, Keeler filled out a "Claimant's Statement for Issue Clarification" and sent it via email to the Division, informing the Division she first contacted them on December 26 through the internet to claim her benefits for the week of December 23 through December 29. She did not submit any phone records or confirmation pages in support of her assertions.

The deputy, in a determination mailed January 11, 2019, found Keeler ineligible for benefits from December 23 through December 29, 2018 on the ground that Keeler did not report in accordance with the regulations of the Division under N.J.A.C. 12:17-4.2(b). On January 14, Keeler appealed to an Appeal Tribunal.

At the telephonic hearing on February 1, Keeler testified that she initially tried to file her claim by telephone on December 23, 24, and 26, but was met with a recording that they could not take her call at that time. When asked if she had a phone record of the number she tried to call, Keeler responded that she called from her landline phone. When asked whether there was any way she could get a phone record from her telephone provider that would show she attempted to reopen her claim, Keeler responded "I could call them. . . . I don't know if they could do it for me . . . I guess they just take it out of my checking account."

Keeler testified she also tried filing her claim online on those same days, and eventually did get through online on December 26. Keeler conceded her "husband's not that great with the computer[, and] I guess apparently I'm probably not that good either," but testified that she helped her husband with his claim, then entered hers.

When asked if she got a confirmation number for her claim, Keeler responded

> [t]hat's where [a] red light should have come up. . . .
> I've been working so long there since 2005. I should
> have known better. [I] don't make a whole lot of money
> and I don't waste my time. I go on to try and get my
> . . . unemployment as soon as possible. And I . . . didn't
> get the number . . . [my husband] got one that's why I'm

4

thinking I did something wrong or there was a glitch in the computer. . . .

Keeler also testified she did not receive an error message, e-mail, or anything else to indicate her December 26 claim did not go through. It was not until January 4, when her husband's $100 benefits claim was deposited into their account, but nothing additional for her claim, that Keeler realized something was wrong.

Keeler then testified she tried to file her claim again on January 6, 2019, and "everything went through. But I was unaware that it was partial." Keeler then called unemployment on January 8 at 8:30 a.m., got a call back at 3:15 p.m., and was instructed to fill out a form by e-mail stating her problem, which she did on January 9, 2019. When asked whether she had "any printout" of her attempts to open a claim on December 23, 24, and online from December 26, Keeler responded "How would I get that[,] I don't know? Would unemployment have that?"

Keeler closed her testimony by stating she "wish[ed] they would reconsider this claim," that she "honestly tried and tried and tried" but could not get through, that she had been working for Maschio's for years, had an excellent record with them, and never had a problem before. She asserted she was "not

A-3382-18T3

fabricating at all. . . . I have no reason to because I have nothing to gain. Like . . . why would I apply for it."

In a decision mailed February 5, 2019, the Appeal Tribunal found that Keeler, although she thought she successfully reopened her claim on December 26 for the week ending December 29, did not actually reopen the claim until January 6. Because N.J.A.C. 12:17-4.2(b) states the "effective date of a reopened claim for benefits is the Sunday of the week in which the claimant first reports" to claim benefits, and Keeler did not successfully reopen the claim until January 6, eight days after the end of the week she was seeking benefits, Keeler was found ineligible for benefits from December 23 to December 29 "as provided by N.J.A.C. 12:17-4.2(b)."

In a decision mailed March 15, the Board of Review affirmed the decision of the Appeal Tribunal on the basis of the record, stating there was "no valid ground for a further hearing" based on their findings that Keeler "was given a full and impartial hearing and a complete opportunity to offer any and all evidence." This appeal followed.

Keeler asserts that she tried multiple times to call unemployment and "kept getting the same recording, '[due] to the high volume of calls we cannot take your call at this time,'" and that when she tried to file online, she kept

getting a post instructing her to try later. She contends that when she finally got through on the phone, she was put on hold for over twenty minutes, after which she was disconnected.

Keeler argues that she has never had a problem claiming unemployment benefits in her past many years working for Maschio's, and that she is now being penalized because she made a human error. She asserts there is no reason she would not have filed her claim for benefits for the week in question, as she depends on that money.

Keeler notes she tried everything she could to correct the error by making an appeal to the Appeal Tribunal and participating in her February telephonic hearing. Keeler contends it "seemed to be impossible to put [her] claim in," and that she has spent over twenty-three dollars in postage on appeal forms. Keeler asserts she would not be going through the trouble if she did not really need the money and asks that her claim be reconsidered.

Appellate review of an administrative agency's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). An appellate court must defer to an agency's expertise in its particular field, and if the agency's conclusion is reasonably supported by the proofs, an appellate court may not substitute its own judgment for the agency's, even if the appellate court might have come to a

different conclusion. Ibid. (citations omitted). "If the factual findings of an administrative agency are supported by sufficient credible evidence, courts are obliged to accept them." Self v. Bd. of Review, 91 N.J. 453, 459 (1982).

The Unemployment Compensation Law "is remedial in nature and hence must be liberally construed in favor of the allowance of benefits." Meaney v. Bd. of Review, 151 N.J. Super. 295, 298 (App. Div. 1977) (citations omitted). However, individuals applying for unemployment benefits must comply with instructions provided by the Division. 18 N.J. Practice, Employment Law § 15.15, at 335 (Marvin M. Goldstein & Stanley L. Goodman) (rev. 2nd ed. 2005 and Supp. 2018-2019).

N.J.A.C. 12:17-4.1 provides "[g]eneral reporting requirements" for claiming unemployment benefits. N.J.A.C. 12:17-4.1(a) states that claimants "shall report as directed by the Division as to date, time, and place in person, by telephone, by mail, via an [i]nternet application or as the Division may otherwise prescribe." To reopen a previously-filed claim, the Division's informational guide states a claimant may do so online at myunemployment.nj.gov or by calling a reemployment call center. N.J. Dep't of Labor and Workforce Dev., Unemployment Insurance: Your Rights & Responsibilities 9 (2020), https://myunemployment.nj.gov/labor/myunemployment/assets/pdfs/PR-

8                                                                    A-3382-18T3

94.pdf. The claim may be reopened "any time during the [fifty-two]-week period . . . by reporting by telephone or via an [i]nternet application. . . . The effective date of a reopened claim for benefits is the Sunday of the week in which the claimant first reports to the [Division] to claim benefits." N.J.A.C. 12:17-4.2(b).

A claimant who does not file in accordance with the Division's instructions will be deemed ineligible unless there is a finding of "good cause" for the failure to comply. Goldstein & Goodman, § 15.15, at 335 (quoting N.J.A.C. 12:17-4.1(b)). N.J.A.C. 12:17-4.1(b) states that a claimant who "fails to report as directed" will be ineligible "unless, pursuant to a fact-finding hearing, it is determined that there is 'good cause' for failing to comply . . . 'good cause' means any situation which was substantial and prevented the claimant from reporting as required by the Division."

A claimant's own neglect, oversight, or misunderstanding of the law is not "good cause" for filing a late claim. Meaney, 151 N.J. Super. at 299-300. See also Van Eck v. Bd. of Review, No. A-1195-10, slip op. at 3-4 (App. Div. Sept. 26, 2011).

Here, Keeler delivered sworn testimony at her telephonic hearing that she did attempt to contact the Division within the time period as instructed, both by

telephone and computer, and there is nothing in the record to indicate the Division questioned her credibility, or that the Division rebutted her testimony with evidence to the contrary. Rather, Keeler's testimony is corroborated by her husband's receipt of his benefits for the same week, which Keeler testified she helped him claim online. From this, it can be inferred Keeler was "reporting"—on the computer and on the website, attempting to claim her benefits—within time.

While Keeler did state she must have done "something wrong" or made a "human error," any mistake she may have made was not due to her misunderstanding of the law, neglect, or oversight in failing to report within the time frame mandated by the Division. Rather, any mistake Keeler may have made, if she did indeed make a mistake, was after she was "present" on the website attempting to file her claim. The fact that Keeler successfully filed claims for many years in the past, and she was able to successfully file her husband's claim, in fact suggests Keeler's failure to successfully file the claim was through no fault of her own, but was a "situation which was substantial and prevented the claimant from reporting as required by the Division."

A review of the record does not reflect the Division made findings there was or was not "good cause" for Keeler's untimely claim, or that there were

A-3382-18T3

proofs Keeler did not have good cause. Because Keeler's uncontroverted, unrebutted, sworn testimony does show good cause, in that the failure to timely report was not due to her own neglect, oversight, or misunderstanding of the law, but was rather due to technical difficulties with the Division-prescribed means of reporting that were beyond her control, Keeler is entitled to her benefits for the week of December 23 through December 29, 2018.

We reverse and remand for a determination of benefits for the period of December 23 through December 29, 2018. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3382-18T3