**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2820-18T4

KATHLEEN MOZGAI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and KINDRED HOSPITALS
EAST, LLC,

     Respondents.

_____

Submitted July 15, 2020 – Decided July 29, 2020

Before Judges Hoffman and Currier.

On appeal from the Board of Review, Department of Labor, Docket No. 166,115.

Kathleen Mozgai, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Achchana C. Ranasinghe, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Kathleen Mozgai appeals from the January 11, 2019 decision of the Board of Review (Board) finding her ineligible for unemployment benefits pursuant to N.J.S.A. 43:21-5(a). We affirm.

We derive the facts from the telephonic hearing before the Appeal Tribunal. Claimant was employed by defendant Kindred Hospitals East, LLC. She resigned from her position in September 2018, advising her employer she needed to move out of New Jersey because of a personal hardship.

During the hearing in November 2018, claimant stated she had filed for bankruptcy and lost her home in 2018. Therefore, she had relocated to Florida and was looking for a job.

Claimant submitted a claim for unemployment benefits. The Deputy Director of Unemployment Insurance determined claimant had left work voluntarily, disqualifying her for benefits.

Following claimant's appeal of the determination, a telephonic hearing was conducted before the Appeal Tribunal. In its November 30, 2018 decision, the appeals examiner noted:

> [C]laimant voluntarily left the job to relocate to the state of Florida due to a personal financial hardship . . . . The claimant's leaving to relocate is a personal reason, which is not attributable to the work. Therefore, the claimant is disqualified for benefits . . . under N.J.S.A. 43:21-5(a), as the claimant left work voluntarily without good cause attributable to such work.

The Board affirmed the Appeal Tribunal's decision.

On appeal, claimant states she left her job voluntarily. However, her leaving was due to a financial hardship and she was unable to maintain a home in New Jersey. Therefore, she contends she established good cause for her leaving, entitling her to unemployment benefits.

We are mindful that our review of administrative agency decisions is limited. We will not disturb an agency's action unless it was clearly "arbitrary, capricious, or unreasonable . . . ." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citation omitted).

N.J.S.A. 43:21-5(a) provides that an employee who "has left work voluntarily without good cause attributable to such work" is disqualified for unemployment compensation benefits. "Under this section, the threshold question is whether an applicant for unemployment compensation benefits left his [or her] job 'voluntarily.'" Lord v. Bd. of Review, 425 N.J. Super. 187, 190-91 (App. Div. 2012). An employee has left work "voluntarily" within the

meaning of the statute "only if 'the decision whether to go or to stay lay at the time with the worker alone.'" Id. at 191 (quoting Campbell Soup Co. v. Bd. of Review, 13 N.J. 431, 435 (1953)). If the applicant leaves voluntarily "he or she is eligible for unemployment compensation benefits only if that separation was for 'good cause attributable to the work.'" Ibid. (quoting N.J.S.A. 43:21-5(a)); see also Utley v. Bd. of Review, 194 N.J. 534, 544 (2008).

Here, claimant admits she submitted a letter of resignation and voluntarily left her job for reasons unattributable to the work. Therefore, pursuant to the statute, claimant is not entitled to unemployment benefits. See Roche v. Bd. of Review, 156 N.J. Super. 63, 65 (App. Div. 1978) (disqualifying claimant from receiving unemployment benefits when she left her job to relocate due to an intolerable living situation); see also N.J.A.C. 12:17-9.1(e)(6) ("Relocating to another area for personal reasons" is considered voluntarily leaving work without good cause attributable to the work).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4 A-2820-18T4