**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4029-21

MARCO DIGIOVANNI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and PANERA, LLC,

     Respondents.

_____

Submitted February 5, 2024 – Decided April 11, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 253256.

Marco DiGiovanni, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review, Department of Labor (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Ian Michael Fiedler, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Marco DiGiovanni appeals from a final agency decision by the Board of Review (the Board), which determined that he was ineligible for unemployment benefits because he had left work voluntarily without good cause attributed to such work and was liable to refund the benefits he had received. Discerning nothing arbitrary, capricious, or unreasonable in the Board's decision, we affirm.

I.

In 2019 and early 2020, DiGiovanni resided in a halfway house under the supervision of the Department of Corrections (the DOC). Through a work release program administered by the DOC, DiGiovanni had been employed by Panera, LLC (Panera) at a store located in Princeton. DiGiovanni worked at Panera from June 26, 2019, to January 28, 2020. At the end of January 2020, DiGiovanni was released from the halfway house, and he moved in with his sister in a town approximately forty miles away from Princeton.

In March 2020, DiGiovanni filed a claim for unemployment compensation, and he received benefits at the rate of $163 per week for the weeks ending March 21, 2020, through April 10, 2021. In May 2021, a deputy of the Division of Unemployment Insurance determined that DiGiovanni was

A-4029-21

not entitled to benefits because he had left work voluntarily when he had moved out of the area. Accordingly, DiGiovanni was notified of the determination and was directed to refund the $9,128 he had received in benefits.

DiGiovanni administratively appealed, and an Appeal Tribunal (the Tribunal) conducted a hearing on July 27, 2021. At that hearing, DiGiovanni and a representative from Panera testified. The Panera representative testified that DiGiovanni had provided two weeks' notice to Panera in January 2020, identifying January 28, 2020, as his final day of employment. DiGiovanni had told Panera that he would be released from the halfway house program, he was moving out of the area, and he would not be able to commute to the Princeton location.

DiGiovanni did not ask Panera if he could continue to work after leaving the halfway house. Nor did he request to work at a different Panera location. The representative from Panera testified that had DiGiovanni made those requests, Panera would have continued to employ him and would have investigated having him work at a location closer to where he would be living.

Based on that testimony, the Tribunal found that DiGiovanni was disqualified from receiving unemployment benefits under N.J.S.A. 43:21-5(a) because he had left work voluntarily without good cause attributed to the work.

The Tribunal also affirmed the determination that DiGiovanni was liable to refund the $9,128 in accordance with N.J.S.A. 43:21-16(d).

DiGiovanni appealed that decision to the Board. On July 28, 2022, the Board issued a decision affirming the Tribunal's determinations. DiGiovanni now appeals from that final agency decision.

II.

On this appeal, DiGiovanni argues that the Board's decision misinterpreted and overlooked certain facts and failed to consider the totality of his circumstances. He also argues that the Board ignored one of the Board's own regulations concerning overpayment of benefits. Having considered these arguments in light of the record and law, we discern no basis to reverse the Board's decision.

Our scope of review of an agency determination is limited. D.C. v. Div. of Med. Assistance & Health Servs., 464 N.J. Super. 343, 352 (App. Div. 2020). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, unreasonable, or unsupported by substantial, credible evidence in the record. Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022). We afford "[w]ide discretion . . . to administrative decisions because

of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).

The relevant statute provides that an individual shall be disqualified from receiving unemployment benefits if "the individual has left work voluntarily without good cause attributable to such work." N.J.S.A. 43:21-5(a). "While the statute does not define 'good cause,' . . . courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Rev., Dep't of Lab. & Indus., 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Rev., Dep't of Lab. & Indus., 158 N.J. Super. 172, 174 (App. Div. 1978)).

The test for determining whether an employee's decision to leave work constitutes "good cause" is one of "ordinary common sense and prudence." Brady v. Bd. of Rev., 152 N.J. 197, 214 (1997) (quoting Zielenski v. Bd. of Rev., 85 N.J. Super. 46, 52 (App. Div. 1964)). The employee's decision to quit "must be compelled by real, substantial and reasonable circumstances[,] not imaginary, trifling and whimsical ones." Ibid. (quoting Domenico, 192 N.J. Super. at 288). "A claimant has the 'responsibility to do whatever is necessary and reasonable

5                                                                                      A-4029-21

in order to remain employed.'" Ibid. (quoting Heulitt v. Bd. of Rev., Dep't of Lab., 300 N.J. Super. 407, 414 (App. Div. 1997)).

Based on the testimony at the hearing, the Tribunal and Board found that DiGiovanni had voluntarily resigned from Panera. The representative from Panera testified that the company did not end DiGiovanni's employment when he completed his work release program. Instead, the representative testified that DiGiovanni could have continued to work for Panera and Panera would have even accommodated him by allowing him to work at a different location closer to where he was going to be living. DiGiovanni acknowledged in his testimony that he did not attempt to maintain his employment with Panera and did not inquire about the availability of continued work or a position at a new location. Accordingly, the record supports the finding that DiGiovanni left Panera because of his housing and transportation issues and that those were personal issues that did not constitute good cause for leaving work. See Roche v. Bd. of Rev., 156 N.J. Super. 63, 65 (App. Div. 1978) (explaining that an employee who leaves work because he or she found a different place to live is disqualified from unemployment compensation); White v. Bd. of Rev., 146 N.J. Super. 268, 269-70 (explaining that commuting issues are generally not considered good cause, and holding that an employee who left her job after her work release program

6

ended because she moved too far from her former employer to commute was not entitled to unemployment benefits); N.J.A.C. 12:17-9.1(e) (stating that individuals who leave employment because of lack of transportation or relocating to another area are considered to have left work voluntarily).

DiGiovanni argues that the Board erred in not considering the totality of his circumstances, and he cites to the New Jersey Supreme Court decision in Haley v. Board of Review, Department of Labor, 245 N.J. 511 (2021). In Haley, the employee was arrested and detained pretrial. Id. at 515. Haley's mother contacted the employer and requested that his position remain open while he contested the charges, but the employer refused and terminated his employment. Ibid. Approximately two months after his arrest, all charges against Haley were dismissed and he was released from detention. Ibid. Haley applied for unemployment benefits, but his application was rejected. Id. at 515-16. The Tribunal, Board, and Appellate Division affirmed. Id. at 516.

The Supreme Court reversed and remanded the Board's decision and held that "pretrial detention is not an absolute bar to receiving unemployment compensation benefits for the time following dismissal of the charges and release from detention." Ibid. The Court reasoned that the relevant statute required the Board to "review the totality of the circumstances surrounding

Haley's detention and release to determine whether he 'left work voluntarily.'"
Ibid.

The facts in Haley are distinguishable from DiGiovanni's circumstances. DiGiovanni was not physically prevented from going to work, nor did he take appropriate steps to preserve his employment. Instead, the evidence at the hearing established that DiGiovanni chose to move in with his sister and did not want to commute to Princeton to continue work with Panera. Therefore, the Board appropriately considered the totality of the circumstances involving DiGiovanni.

Under N.J.S.A. 43:21-16(d), a claimant must refund benefits to the Unemployment Compensation Fund if there is a determination that the claimant was not entitled to receive those benefits. In that regard, the statute directs that "[w]hen it is determined . . . that any person, . . . for any . . . reason, has received any sum as benefits . . . while otherwise not entitled to receive such sum as benefits, such person . . . shall be liable to repay those benefits in full." N.J.S.A. 43:21-16(d)(1) (2014) (amended 2023). Repayment is required even if the unemployment benefits were received in good faith. See Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973) (holding that a claimant was required

to refund erroneously paid unemployment benefits even though she applied for them in good faith).

DiGiovanni contends that the Board failed to apply N.J.A.C. 12:17-14.4(a) to (c), which are regulations that address overpayment of benefits when the Division of Unemployment Insurance has twice determined that the claimant was entitled to the benefits. A review of the record on appeal does not establish that DiGiovanni raised this issue before the Tribunal or the Board. Accordingly, we decline to review an issue that was not raised with the agency. See In re Stream Encroachment Permit, 402 N.J. Super. 587, 602 (App. Div. 2008) (explaining that "[n]ormally, we do not consider issues not raised below at an administrative hearing").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4029-21