**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0924-24

BASIMAH NORTH,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and TRANSPORT LEASING
CONTRACT, INC.,

     Respondents.

_____

Submitted January 6, 2026 – Decided January 13, 2026

Before Judges Firko and Perez Friscia.

On appeal from the Board of Review, Department of Labor, Docket No. 352129.

Basimah North, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondents (Sookie Bae-Park, Assistant Attorney General, of counsel; Elizabeth A. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Basimah North, self-represented, appeals from a final agency decision by respondent the Board of Review, Department of Labor (the Board), which determined that she was ineligible for unemployment benefits because she had left work voluntarily without good cause attributable to such work under N.J.S.A. 43:21-5(a). We affirm.

I.

In October 2021, North became employed as a transport driver for Transport Leasing Contract, Inc. North was required to use her own vehicle to transport parts and to maintain her vehicle. On July 11, 2023, North's vehicle broke down after she finished her last delivery. North informed her manager she would not be able to work for the balance of that week because her vehicle was inoperable. On July 23, 2023, North filed a claim for unemployment compensation. On July 24, 2023, North informed her employer she could not afford to pay for the vehicle's repairs, estimated to exceed $2,000, and would no longer work for them.

A deputy for the Division of Unemployment Insurance determined that North was not entitled to benefits because she had voluntarily left work without good cause attributable to the work. On August 11, 2023, the deputy mailed the

A-0924-24

notices of determination to North's address, who claimed she did not receive them.

Ultimately, after calling the Board, North learned that it denied her claim for unemployment compensation. On September 6, 2023, North administratively appealed. An Appeal Tribunal (the Tribunal) conducted a telephonic hearing on May 14, 2024.[1] North testified at the hearing. A representative of Transport Leasing Contract, Inc., Priscilla Dorsone, participated in the hearing for fifteen minutes but got disconnected and did not call back or testify.

North explained that while she was out on a delivery, her vehicle stopped working. A co-worker assisted in getting transmission fluid for North's vehicle, which enabled her to complete her delivery. North discovered later that day the vehicle's muffler and catalytic converter had loosened, and the muffler system was gone. North testified she informed her employer that her vehicle was disabled, and she could not work. North did not seek any other job openings

---

[1] A hearing was initially scheduled for March 12, 2024, but North chose not to participate in the hearing because she requested a particular individual conduct the hearing. The appeal was dismissed without prejudice. On April 23, 2024, North filed a second appeal, which is the subject matter of the present appeal.

that did not require use of a vehicle. North testified that she would still be working for her employer if she had a properly working vehicle.

Based on North's testimony, the Tribunal found she left work voluntarily without good cause attributable to the work and was disqualified from receiving unemployment benefits under N.J.S.A. 43:21-5(a). The Tribunal determined North left the work with her employer for "personal transportation issues only."

North appealed that decision to the Board. On October 11, 2024, the Board issued a decision affirming the Tribunal's determination. North now appeals from that final agency decision.

II.

Before us, North argues that the Board's decision is erroneous because the Board breached its duty of care to her as a former employee of Transport Leasing Contract, Inc. North contends the hearing was unfair because the Appeals Examiner did not consider her testimony or documentation regarding her vehicle's repairs. North maintains she was unable to repair her vehicle and return to work due to financial hardship. Having considered these arguments in light of the record and law, we discern no basis to reverse the Board's decision.

Our scope of review of an agency determination is limited. D.C. v. Div. of Med. Assistance & Health Servs., 464 N.J. Super. 343, 352 (App. Div. 2020).

4

The agency's decision may not be disturbed unless shown to be arbitrary, capricious, unreasonable, or unsupported by substantial, credible evidence in the record. Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022). We afford "[w]ide discretion . . . to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).

The relevant statute provides that an individual shall be disqualified from receiving unemployment benefits if "the individual has left work voluntarily without good cause attributable to such work." N.J.S.A. 43:21-5(a). "While the statute does not define 'good cause,' our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Rev., Dep't of Lab. & Indus., 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Rev., Dep't of Lab. & Indus., 158 N.J. Super. 172, 174 (App. Div. 1978)).

The test for determining whether an employee's decision to leave work constitutes "good cause" is one of "ordinary common sense and prudence." Brady v. Bd. of Rev., 152 N.J. 197, 214 (1997) (quoting Zielenski v. Bd. of Rev., 85 N.J. Super. 46, 52 (App. Div. 1964)). The employee's decision to quit "must

be compelled by real, substantial and reasonable circumstances[,] not imaginary, trifling and whimsical ones." Ibid. (quoting Domenico, 192 N.J. Super. at 288). "A claimant has the 'responsibility to do whatever is necessary and reasonable in order to remain employed.'" Ibid. (quoting Heulitt v. Bd. of Rev., Dep't of Lab., 300 N.J. Super. 407, 414 (App. Div. 1997)).

Based on the testimony elicited at the hearing, the Tribunal and Board found North left her employ with Transport Leasing Contract, Inc. "for personal transportation issues only" because her vehicle broke down on July 11, 2023, and she could not afford to repair it. Accordingly, the record supports the finding that North left her job because of a transportation issue, and it was a personal issue that did not constitute good cause for leaving work. See N.J.A.C. 12:17-9.1(e) (stating that individuals who leave employment because of lack of transportation or relocating to another area are considered to have left work voluntarily); see also Roche v. Bd. of Rev., 156 N.J. Super. 63, 65 (App. Div. 1978) (explaining that an employee who leaves work because he or she found a different place to live is disqualified from unemployment compensation because it was a cause personal to the claimant); White v. Bd. of Rev., 146 N.J. Super. 268, 269-70 (App. Div. 1977) (explaining that commuting issues are generally not considered good cause and holding that an employee who left her job after

her work release program ended because she moved too far from her former employer to commute was not entitled to unemployment benefits).

North contends the Tribunal and Board did not follow their rules and regulations because Dorsone never returned the call when the hearing took place and did not testify. North maintains Dorsone dropped off the call "intentionally," and a "real decision" could not be made with only North's testimony. As a result, North argues the final agency decision was "biased" and based on "personal feelings" and "opinions," not facts in the record.

A review of the record satisfies us the Board's decision comports with N.J.S.A. 43:21-5(a). Here, the evidence supports the Board's finding that North left work voluntarily without good cause attributable to the work. North's allegation of "bias" misapprehends the evidence in the record. The Board found North's testimony regarding her vehicle's condition was credible. Therefore, documentation and witness testimony were not required. We conclude North had been afforded a full and impartial hearing.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0924-24