■ In the Matter of the Claim of MARY C. BRABSON, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [599 NYS2d 726] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 24, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a licensed practical nurse from July 1991 to November 1991. On her application for unemployment insurance benefits, claimant stated that the reason for separation from her job was "lack of steady reliable work". This was the same reason she gave on other written statements submitted to the local unemployment insurance office. At the hearing, however, claimant testified that she left her position because of improper case coordination by the employer and admitted that, although hired to work full time, she was aware that her hours depended upon the availability of work. Although claimant had also asserted on one of her written submissions that a job was "imposed on [her] against [her] complaints [and] better judgement [sic]", she stated that she took no action to resolve the situation before she left.

Resolution of a conflict as to the cause of an employee's separation and whether it was for good cause are factual issues for the Unemployment Insurance Appeal Board to decide (see, Matter of Weber [Catherwood], 32 AD2d 697) and, as a general rule, job dissatisfaction does not constitute good cause for leaving one's employment (see, Matter of Stark [Ross], 66 AD2d 942). Here, the Board noted that claimant's testimony did not coincide with her prior written statements and found that her contentions were "incredible and unreliable". These findings, along with the Board's conclusion that claimant's reasons for leaving were personal and noncompelling, are supported by substantial evidence; the denial of benefits must therefore be upheld (see, Matter of Awerman [Levine], 53 AD2d 773).

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.