■ In the Matter of the Claim of JANICE M. RIETH, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [655 NYS2d 684] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 1995, which, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a sales associate in a retail store. She and the store manager shared the job of depositing the store's daily receipts in the bank. When the employer became aware that some of the deposits had been made late or were missing altogether, claimant and the manager were questioned regarding the irregularities. Approximately six weeks later, the manager confessed to having mishandled the deposits and resigned. Claimant was in no way implicated and was asked to continue in her employment. When claimant was notified of the manager's resignation she also resigned, asserting that her integrity had been unfairly impugned during the employer's previous investigation. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause and claimant was charged with a recoverable overpayment. We affirm.

Claimant did not resign her employment until six weeks after she was questioned regarding the financial irregularities at the employer's store, thereby discrediting her contention that this incident constituted a compelling reason for leaving her employment (*see, Matter of Brabson [Hudacs],* 195 AD2d 681; *Matter of Hogan [Schenectady Discount Corp.—Levine],* 50 AD2d 650). We have examined claimant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.