131 N.J. Super. 584 (1974)
331 A.2d 39
ASSOCIATED UTILITY SERVICES, INC., A NEW JERSEY CORPORATION, APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, AND CAROL ANNE HEINISCH, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 1974.
Decided December 23, 1974.
*585 Before Judges MICHELS, MORGAN and MILMED.
Mr. Robert T. Genovesi, attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent, Board of Review, Department of Labor and Indusry (Mr. Stephen Skillman, Assistant Attorney General, of counsel, Mr. Max H. Schloff, Deputy Attorney General, on the brief).
No one appeared on behalf of respondent Carol Anne Heinisch.
The opinion of the Court was delivered by MICHELS, J.A.D.
Associated Utility Services, Inc. (employer) appeals from a decision of the Board of Review, in the Division of Employment Security, Department of Labor and Industry, affirming a decision of the Appeals Tribunal holding Carol Anne Heinisch (claimant) qualified for unemployment compensation benefits.
Claimant voluntarily left her job as a clerk-typist and filed a claim for benefits under the New Jersey Unemployment Compensation Law, alleging that she had been harassed by her employer. The deputy in the local claims office of the Division of Employment Security held her disqualified on the ground that she had left work voluntarily without good *586 cause attributable to such work. See N.J.S.A. 43:21-5(a). Claimant appealed from that determination to the Appeals Tribunal. The Appeals examiner, after hearing testimony from claimant and her supervisor, made detailed findings of fact and reversed the determination of the deputy, concluding that claimant had good cause for leaving her job and that no disqualification arose under N.J.S.A. 43:21-5(a). The employer appealed to the Board of Review, which affirmed the decision of the Appeals Tribunal on the record below. The employer then appealed to this court.
The employer contends that the evidence does not support the findings of the Appeals Tribunal that claimant had good cause for voluntarily leaving her employment. The New Jersey Unemployment Compensation Law (N.J.S.A. 43:21-5(a)) in pertinent part provides:
For the week in which he has left work voluntarily without good cause attributable to such work, and for each week thereafter until he has earned in employment * * * at least 4 times his weekly benefit rate, as determined in each case; * * *.
While the statute does not define "good cause," our courts have construed it (as used in N.J.S.A. 43:21-5(a)) to mean "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Goebelbecker v. State, 53 N.J. Super. 53, 57 (App. Div. 1958); see also, Zielenski v. Board of Review, 85 N.J. Super. 46, 52 (App. Div. 1964); Morgan v. Board of Review, 77 N.J. Super. 209, 213 (App. Div. 1962). In Krauss v. A. & M. Karagheusian, 13 N.J. 447 (1953), the Supreme Court, in discussing the meaning of "good cause" as used in N.J.S.A. 43:21-5(a) prior to the 1961 amendment which required the good cause for voluntarily leaving be "attributable to such work," commented:
* * * The Legislature contemplated that when an individual voluntarily leaves a job under the pressure of circumstances which may reasonably be viewed as having compelled him to do so, the termination of his employment is involuntary for the purposes of the act. *587 In statutory contemplation he cannot then reasonably be judged as free to stay at the job. * * *. [at 464]
Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute "good cause" for leaving work voluntarily Zielenski v. Board of Rev., Div. supra, 85 N.J. Super. at 54; Medwick v. Board of Review, 69 N.J. Super. 338, 345 (App. Div. 1961). Intentional harassment of an employee, however, is an abnormal working condition and constitutes good cause for leaving work voluntarily. See Stevenson v. Morgan, 522 P.2d 1204, 1206 (Ore. App. 1974).
The New Jersey Unemployment Compensation Law entrusts the determination of the question whether a claimant quit work voluntarily without good cause attributable to such work, in the first instance, to the administrative agency, and its appeals tribunal. Morgan v. Board of Review, supra.
Claimant testified before the Appeals examiner that she had continuously been harassed and mistreated by her supervisor; that very often during the working day she was subjected to undue scoldings by him, and that frequently he called her at home late at night to "give her hell." Claimant further testified that the calls were so frequent that whenever the telephone rang late at night she would panic and become very upset. She also testified that she made her supervisor aware of the fact that his intentional harassment was upsetting her greatly, and even told him on several occasions that she was "petrified" of him. Nevertheless, the harassment continued.
Late Sunday evening, May 20, 1973, claimant's supervisor telephoned her at home to tell her that she had again given him the wrong file. In response claimant stated that she had not given him any files. He then asked: "Where the hell can I get a copy?" When claimant again told her supervisor she had not touched the file, he said "thanks" and slammed the telephone down. She immediately called her supervisor *588 back and told him she would not go to work Monday morning, to which he responded: "Suit yourself. I've got a lot of work to do tonight," and hung up. Claimant did not go to work Monday morning. Her supervisor placed an advertisement in the local newspaper for a replacement, and a new clerk-typist was hired.
While claimant's supervisor testified that he was happy with the over-all quality of her work and considered her a dedicated and loyal employee, he admitted that he criticized her frequently and often spoke to her in an ungentle manner. He testified that claimant misinterpreted criticism for personal harassment and resigned because she was overly sensitive to such criticism. Claimant's supervisor denied that she ever communicated her feelings to him, and testified that when he called her Sunday night he did so solely to determine if she knew where a certain file was located, and did not blame her or anyone else. He further testified that he often called employees at their homes, although he admitted that with respect to the location of files he called claimant more often than any other employee.
Our role in reviewing the findings below is to determine "`Whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering `the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility * * * and * * * with due regard also to the agency's expertise where such expertise is a pertinent factor." Mayflower Securities v. Bureau of Securities, 64 N.J. 85, at 92-93 (1973); Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). In making this determination our court appropriately commented in Morgan v. Board of Review, supra:
* * * In reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether we would come to the same conclusion if the original determination was ours to make, but rather whether the factfinder could reasonably so conclude upon the proofs. * * * [77 N.J. Super. at 213]
*589 The fundamental question here is whether claimant had been subjected to intentional harassment by her supervisor, thereby creating such intolerable and abnormal working conditions that she was justified in quitting the job, or whether she was merely over-sensitive to criticism, whether warranted or not, which may be expected in the normal course of employment. The Appeals examiner found in favor of claimant on this factual issue, concluding that she had just cause for leaving her job and that no disqualification for benefits arose under N.J.S.A. 43:21-5(a).
We are satisfied from our study of the record that the findings and conclusions of the Appeals examiner could reasonably have been reached on sufficient credible evidence therein. Therefore, in view of the limited scope of our review, we must affirm the decision of the Board of Review.
The employer's further contention that the decision of the Appeals Tribunal is defective in that it does not fulfill the requirement of the Administrative Procedure Act that "A final decision shall include findings of fact * * *" (N.J.S.A. 52:14B-10(d)) is without merit. The decision of the Appeals Tribunal sets forth specific findings of fact.
Accordingly, the decision of the Board of Review affirming the decision of the Appeals Tribunal on the record before the Appeals examiner is affirmed.