■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RAY HONNICK, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered October 17, 1975, upon a verdict convicting defendant of the crime of assault in the second degree. The alleged errors of law were not properly preserved for appeal as required by CPL 470.05 and the record discloses that the alleged errors were in furtherance of the trial strategy of the defendant. Judgment affirmed. Koreman, P. J., Greenblott, Mahoney, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of EVELYN FRIED, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective December 11, 1974 on the ground that she voluntarily left her employment without good cause. Claimant, 32 years old, worked in a one-girl office for a period of approximately 14 months, prior to December 10, 1974, when she left her employment because she believed her employer's conduct jeopardized her safety. The employer was subject to episodes of violent temper and, on December 10, 1974, when claimant identified her employer by name so as to permit the service of process on him by a man who had entered the premises for that purpose, the said employer became enraged and kicked the office furniture and threw several chairs against the wall. While claimant concedes that her employer's conduct was not directed toward her personally, she insists that if she stayed any longer such conduct in the future might be directed toward her and thereby endanger her physical safety. The referee's decision, affirmed by the board, was premised on a finding that claimant's fears were speculative and she, therefore, left for personal, noncompelling reasons. Since apprehension of bodily injury may constitute good cause for leaving one's employment, each factual situation must be reviewed to determine if the employee has reasonable grounds to conclude that his personal safety is being endangered and that the conduct complained of is such as to inculcate in the employee a genuine fear. Upon this record we conclude that such was not the case herein. The evidence clearly establishes that while the employer was subject to fits of anger, there is no proof that such tantrums, prior to December 10, 1974 or on that day, resulted in harm to anyone. Rather, the evidence is to the contrary. The employer always vented his anger upon inanimate objects of the office and never directed his ire toward any employee, nor did he do so on December 10, 1974. Therefore, the board's finding that claimant's fear was speculative in nature is supported by substantial evidence in the record and such finding is consistent with this court's decision in *Matter of Clemente (Levine)* (48 AD2d 1010). Decision affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.