158 N.J. Super. 172 (1978)
385 A.2d 920
ROBERT A. CONDO, APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND K-MART ENTERPRISE OF NEW JERSEY, INC., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 9, 1978.
Decided March 20, 1978.
Before Judges MICHELS, PRESSLER and BILDER.
Messrs. Thompson & Effner, attorneys for appellant (Mr. Jon R. Effner, of counsel and on the brief).
*173 Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent Board of Review, Department of Labor and Industry (Mr. Michael S. Bokar, Deputy Attorney General, of counsel, and Mr. Max H. Schloff, Deputy Attorney General, on the brief).
No one appeared on behalf of respondent K-Mart Enterprise of New Jersey, Inc.
The opinion of the court was delivered by MICHELS, J.A.D.
Claimant Robert A. Condo appeals from a decision of the Board of Review affirming a decision of the Appeal Tribunal which held that he was disqualified for unemployment compensation benefits and liable for refund of benefits paid during the period of such disqualification.
Claimant left his employment as a night maintenance man at a store operated by his employer K-Mart Enterprises of New Jersey, Inc. He filed a claim for benefits under the New Jersey Unemployment Compensation Law alleging that he was threatened with physical harm by a coworker and left rather than run the risk of being hurt. The deputy in the local claims office of the Division of Employment Security held him qualified for unemployment compensation benefits. The employer appealed to the Appeal Tribunal. The Appeals Examiner, after hearing testimony from claimant as well as the store's manager and assistant manager, made detailed findings of fact and reversed the determination of the deputy, concluding that:
By the claimant's not further complaining of the co-worker's threats of physical harm, the claimant did not do everything possible to maintain intact the employer-employee relationship. His reasons for leaving did not constitute good cause attributable to such work. Hence, the claimant is disqualified for benefits under R.S. 43:21-5 (a) as of August 25, 1976.
Benefits paid during a period of disqualification are recoverable. The claimant is liable for refund in the amount of $480 received as benefits for weeks of September 1, 1976 through September 29, 1976. *174 Claimant appealed to the Board of Review, which affirmed the decision of the Appeal Tribunal on the record below. Claimant then appealed to this court.
Claimant contends essentially that the evidence fails to support the findings of the Appeal Tribunal that he did not have good cause for voluntarily leaving his employment. Although we appreciate the deference that we are obliged to accord administrative agency factfinding (see Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 92-93 (1973); Close v. Kordulak Bros., 44 N.J. 589, 599 (1965); Associated Utility Services v. Board of Review, 131 N.J. Super. 584, 588 (App. Div. 1974)), our review of the record persuades us that claimant had good cause for voluntarily leaving work by reason of the continued threats of physical harm made by his coworker. Therefore, he was entitled to unemployment compensation benefits.
The New Jersey Unemployment Compensation Law (N.J.S.A. 43:21-5(a)), in pertinent part, provides:
For the week in which he has left work voluntarily without good cause atributable to such work, and for each week thereafter until he has earned in employment * * * at least 4 times his weekly benefit rate, as determined in each case; * * *.
While the statute does not define "good cause," our courts have construed the statute to mean "`cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Associated Utility Services, supra at 586; Goebelbecker v. State, 53 N.J. Super. 53, 57 (App. Div. 1958). See also, Zielenski v. Board of Review, 85 N.J. Super. 46, 52 (App. Div. 1964); Morgan v. Board of Review, 77 N.J. Super. 209, 213 (App. Div. 1962). In Krauss v. A. & M. Karagheusian, 13 N.J. 447 (1953), the Supreme Court, in discussing the meaning of "good cause" as used in N.J.S.A. 43:21-5(a) before the present amendment (made in 1961) which requires good cause for voluntarily leaving to be "attributable to such work," commented:
*175 * * * The Legislature contemplated that when an individual voluntarily leaves a job under the pressure of circumstances which may reasonably be viewed as having compelled him to do so, the termination of his employment is involuntary for the purposes of the act. In statutory contemplation he cannot then reasonably be judged as free to stay at the job. * * * [Id. at 464]
In our view threats of physical violence directed to an employee from which he may reasonably conclude that his personal safety is endangered thereby inculcating a genuine fear in the employee is an abnormal working condition. As such, it constitutes good cause for that employee to voluntarily leave his employment. Cf. Associated Utility Services, supra, 131 N.J. Super. at 586, 589; Fried v. Ross, 54 A.D.2d 521, 386 N.Y.S.2d 245, 246 (App. Div. 1976). An employee cannot reasonably be expected to stay on the job where such threats of physical violence have been made to him.
We are convinced from our review of the record that the threats of physical violence constituted "good cause" for claimant to voluntarily leave his work. The record establishes and the Appeals Examiner found that claimant complained to the manager of the threats of violence made by his coworker. The manager held a meeting with the employees to straighten out the problem and told the coworker that "he was not allowed to threaten anybody or hurt anybody." Notwithstanding this, claimant testified that he was threatened by the coworker as they left the meeting. Again, he was threatened the night that he left work. Under the circumstances, claimant was clearly justified in leaving work.
Furthermore, claimant's failure to take additional steps did not provide a valid basis for disqualifying him from unemployment compensation benefits. Claimant's responsibility is merely to do what is necessary and reasonable in order to remain employed. See Zielenski, supra, 85 N.J. Super. at 53-54. Claimant did not have to do "everything possible to maintain intact the employer-employee relationship", including continuing to expose himself to the risk of bodily *176 harm from his coworker. While his failure to complain further of the threats after the meeting with the manager may be relevant and probative on the bona fides of his claim, it certainly does not, in and of itself, disqualify him from benefits or prove that the reason he quit was not sufficient to constitute "good cause attributable to such work." See Stonco v. Board of Review, 106 N.J. Super. 6, 10 (App. Div. 1969).
Accordingly, the decision of the Board of Review affirming the decision of the Appeal Tribunal on the record before the Appeals Examiner is reversed and the matter remanded for the determination of unemployment compensation benefits to be paid claimant.