■ In the Matter of the Claim of CARL J. STARK, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 1978. By an initial determination of the Industrial Commissioner, which was sustained by a referee following a hearing, claimant was ruled ineligible for benefits on the ground that he voluntarily left his employment without good cause, and a forfeiture of four effective days' reduction of future benefits was imposed upon a finding that claimant made a willful false statement to obtain benefits. The appeal board affirmed and this appeal ensued. Good cause for voluntarily leaving one's employment is a question of fact within the purview of the board and its determination, if supported by substantial evidence, will not be disturbed *(Matter of Grossman [Levine]*, 51 AD2d 853). As a general rule, dissatisfaction with working conditions does not constitute good cause for voluntarily leaving employment *(Matter of Coriou [Ross]*, 53 AD2d 934), but fear for one's safety may constitute good cause, and each factual situation must be reviewed to determine whether claimant had reasonable grounds to conclude that his personal safety was being endangered and whether claimant's fear was genuine *(Matter of Fried [Ross]*, 54 AD2d 521). Here, the uncontroverted testimony of claimant, who was employed as a fireman-water tender by a steamship line for a period of six weeks, indicates that he left his employment due to unsafe conditions in the

engine room, where he was assigned to work, which in his view affected the seaworthiness of the vessel. Claimant also submitted a letter from the third engineer of the ship which indicated that conditions aboard the ship at the time in question were "very bad". In the face of this undisputed evidence, the referee, whose findings of fact and opinion were adopted by the board, did not pass on the questions of whether claimant had reasonable cause to fear for his safety and whether that fear was genuine. Instead, the referee concluded that claimant chose to quit rather than utilize the union grievance procedure available to him, that he failed to give a reasonable excuse for failing to grieve the matter through his union and that, therefore, claimant voluntarily quit for personal reasons. There is, however, no evidence in the record to support a finding that claimant had available to him a grievance procedure which would have provided an adequate remedy. Claimant was the only witness to testify and, while he admitted that he was a union member, he explained that he was unaware of any union grievance procedure, apparently because he had not been to sea in many years. This was the only evidence relating to the existence of a union grievance procedure and, accordingly, any finding that an adequate procedure existed is not supported by the record. Claimant did, however, testify that he made his complaints known to the engine room union delegate as well as to the watch officer, and he submitted a letter which established that these complaints were brought to the attention of the ship's union delegate. We conclude, therefore, that the finding that claimant chose to quit rather than exhaust available procedures for rectifying the unsafe conditions is not supported by substantial evidence. Since the board did not pass on the questions of whether claimant had reasonable cause to fear for his safety and whether his fear was genuine, the matter must be remanded. As to the finding that claimant made a willful false statement on his claim for benefits, claimant admits that he gave as the reason for quitting "waiting for ship" when, in fact, he quit because of unsafe conditions, and he concedes on appeal that his answer was not responsive and was misleading. Accordingly, the board's determination must be sustained. Decision modified by reversing so much thereof as found that claimant left his employment voluntarily without good cause and remitting for further proceedings in accordance with this memorandum, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Staley, Jr., and Herlihy, JJ., concur; Kane, J., dissents and votes to affirm.