192 N.J. Super. 284 (1983)
469 A.2d 961
MARY ANN DOMENICO, APPELLANT,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR & INDUSTRY, STATE OF NEW JERSEY, AND ANCORA STATE HOSPITAL, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 15, 1983.
Decided December 8, 1983.
*286 Before Judges MICHELS, KING and DREIER.
Bertman, Johnson & Sahli, attorneys for appellant (Brian G. Howell, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondents (Michael S. Bokar, Deputy Attorney General, of counsel; Donald M. Palombi, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Claimant Mary Ann Domenico (Domenico) appeals from a decision of the Board of Review (board) affirming an appeal *287 tribunal decision holding her disqualified from unemployment compensation benefits. The appeal examiner found that Domenico left work as a music therapist at Ancora State Psychiatric Hospital without good cause attributable to such work. Domenico argues that her fear of suffering physical harm by hospital patients was reasonable and constituted good cause to voluntarily terminate employment. She contends that the decision to the contrary by the board was without support by substantial evidence in the record as a whole and therefore she is qualified to receive unemployment benefits. We agree and reverse the decision of the board.
The New Jersey Unemployment Compensation Law, N.J.S.A. 43:21-5(a), provides, in pertinent part, that an individual shall be disqualified for unemployment benefits:
For the week in which he has left work voluntarily without good cause attributable to such work, and for each week thereafter until he has earned in employment ... at least 4 times his weekly benefit rate, as determined in each case....
While the statute does not define "good cause," our courts have construed the statute to mean "`cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Condo v. Review Bd., 158 N.J. Super. 172, 174 (App.Div. 1978) (quoting Goebelbecker v. State, 53 N.J. Super. 53, 57 (App.Div. 1958)); Associated Utility Services v. Review Bd., 131 N.J. Super. 584, 586 (App.Div. 1974); Zielenski v. Review Bd., 85 N.J. Super. 46, 52 (App.Div. 1964); Morgan v. Review Bd., 77 N.J. Super. 209, 213 (App.Div. 1962). In Krauss v. A. & M. Karagheusian, 13 N.J. 447 (1953), the Supreme Court, in discussing the meaning of "good cause" as used in N.J.S.A. 43:21-5(a) before the most recent amendment (passed in 1961) which requires good cause for voluntarily leaving to be "attributable to such work," commented:
... The Legislature contemplated that when an individual voluntarily leaves a job under the pressure of circumstances which may reasonably be viewed as having compelled him to do so, the termination of his employment is involuntary for the purposes of the act. In statutory contemplation he cannot then reasonably be judged as free to stay at the job. [at 464]
*288 In scrutinizing an employee's reason for leaving, the test is one of ordinary common sense and prudence. Zielenski v. Review Bd., supra 85 N.J. Super. at 52. "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Medwick v. Review Bd., 69 N.J. Super. 338, 345 (App.Div. 1961). The decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones. See Krauss v. A. & M. Karagheusian, Inc., supra 13 N.J. at 464 (quoting with approval from Bliley Elec. Co. v. Unemployment Comp. Review Bd., 158 Pa.Super. 548, 45 A.2d 898, 903 (1946)). Threats of physical violence directed to an employee from which he may reasonably conclude that his personal safety is endangered have been found by this court to constitute good cause for that employee to voluntarily leave his employment. Condo v. Review Bd., supra 158 N.J. Super. at 175; cf. Associated Utility Services v. Review Bd., supra 131 N.J. Super. at 587. However, it is the employee's responsibility to do what is necessary and reasonable in order to remain employed. Condo v. Review Bd., supra 158 N.J. Super. at 175; see Zielenski v. Review Bd., supra 85 N.J. Super. at 53-54.
In our view the record overwhelmingly demonstrates that Domenico's reasonable fear of imminent physical harm justified her voluntary termination of employment. Domenico had twice been assaulted while in a closed ward at the Ancora State Psychiatric Hospital. Obviously, her concerns for her safety were not imaginary, trifling or whimsical. The fact that one of the attacks upon her required that she be hospitalized compels the conclusion that the desire to be protected from conditions where such an incident might reoccur is a natural reaction of a person of common sense and prudence. Thus, Domenico's fears were well founded and clearly justified her leaving work.
We are not convinced by respondents' argument that the incidents experienced by Domenico were not abnormal and could be expected to occur due to the nature of her job and the condition of the patients she was working with. The nature of *289 the work does not defeat a showing of good cause where, as here, the risk involved is so bad as to constitute a real and demonstrable safety hazard. Again, the fact that Domenico was twice assaulted demonstrates the reality of the risk to her. Respondents assert that an attempt had been made to improve safety conditions by assigning a co-worker to accompany Domenico. However, Domenico testified that the co-worker was often absent or inattentive. In light of the fact that the second attack upon Domenico occurred after this step was taken, we find that this did not constitute substantial evidence that the risk to her was remedied.
Additionally, we are satisfied that the appeal examiner's finding adopted by the board, that by leaving work without notice Domenico deprived her employer of a final opportunity to resolve her dissatisfaction before she left, is not supported by substantial evidence on the record. The only evidence in support of that finding is the brief conversation in which Anne Langan, the Director of the Occupational Therapy Department, to which Domenico was assigned, suggested that she and Domenico meet to discuss the problems the following week. Contrary to respondents' argument, Langan did not "schedule a full meeting;" there was merely an indication that they would "discuss it the next week," and Langan did not recall later if a date had been set. The number of reported complaints, both written and verbal, which Domenico made during the years of her employment is persuasive evidence that she satisfied her responsibility to do what was necessary and reasonable in order to stay employed. Common sense dictates that Domenico did not have to continue to expose herself to further risk of bodily harm from the residents at Ancora State Psychiatric Hospital in order to maintain intact the employer-employee relationship. See Condo v. Review Bd., supra 158 N.J. Super. at 175-176. The fact that she was twice assaulted demonstrates Domenico's persistence in attempting to maintain the employment relationship, notwithstanding the hazardous conditions under which she was supposed to work.
*290 Finally, we point out that the appeal examiner noted in his findings of fact that Domenico reapplied for the same position even though she did not really wish to return to the job. This was considered probative by the appeal examiner in reaching his determination that Domenico left her job voluntarily without good cause. Although we are obligated to accord deference to this finding, Condo v. Review Bd., supra 158 N.J. Super. at 174; see Mayflower Securities v. Securities Bureau, 64 N.J. 85, 92-93 (1973); Close v. Kordulak Bros., 44 N.J. 589, 599 (1965); Associated Utility Services v. Review Bd., supra, 131 N.J. Super. at 588, we cannot conclude that this amounted to substantial evidence to support the ultimate decision reached by the board. Domenico testified, and respondents concede, that she reapplied for her old position because she thought it was necessary to do so in order to remain on the list for other state positions. Clearly this fact is not substantial evidence that Domenico left work lacking good cause when considered in light of the entire record.
Accordingly, the decision of the board affirming the decision of the appeal examiner on the record before it is reversed, and the matter is remanded for a determination of the amount of unemployment compensation to be paid to Domenico. We do not retain jurisdiction.