204 N.J. Super. 296 (1985)
498 A.2d 791
INSIDE RADIO/RADIO ONLY, INC., APPELLANT,
v.
BOARD OF REVIEW AND PAMELA A. WHITE, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1985.
Decided October 8, 1985.
*297 Before Judges PRESSLER, DREIER and BILDER.
David E. Ferguson & Associates, attorneys for appellant (Patricia A. Knopic, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent Board of Review, Department of Labor (Todd A. Wigder, Deputy Attorney General, on the Statement).
Levenson, Vogdes, Nathanson & Cohen, attorneys for respondent Pamela A. White (Robert H. Obringer, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is an appeal by an employer, Inside Radio/Radio Only, Inc. (Radio) from a decision of the Board of Review holding that claimant Pamela White was eligible for unemployment benefits. Radio contends she voluntarily terminated her position and that the evidence fails to support a finding of good cause such as would justify eligibility.
Ms. White applied for unemployment benefits in December 1983. She was informed by the local claims office that she was ineligible because she had voluntarily left her job without good cause attributable to her work. She appealed to the Appeal Tribunal and received a hearing on February 4, 1984 before Appeal Examiner Mary Brent where she appeared pro se. The examiner held that she left work voluntarily without good cause attributable to such work and was disqualified for benefits. Ms. White then appealed to the Board of Review which, *298 after reviewing the record, concluded that "[t]he continued requirement that the claimant work an excessive number of hours in order to complete her weekly assignment is good cause in itself that an individual leave such work with good cause attributable thereto." It held that no disqualification existed and reversed the decision of the Appeal Tribunal. Radio then appealed to this court.
The Board of Review found the facts to be as follows:
The claimant was employed as an editor of a weekly newsletter for approximately six months, earning $17,500 annually. She understood at hire that she would work "some overtime" up to about 50 hours weekly.
The claimant was under a physician's care for fatigue, nutritional problems, and mild depression during the last four months of employment. She had been working 60 to 80 hours a week in order to meet the dateline of the newsletter, and at times, she would forego lunch or dinner in order to complete her work assignment. She received no additional wages for the overtime worked.
She complained to the employer on many occasions about the excessive work load but to no avail.
The claimant left work on November 30, 1983, because she could no longer endure the excessive number of hours that her job entailed, even though she would have received vacation pay if she remained another week.
Radio contends claimant failed to establish good cause attributable to her work for leaving and more specifically: (1) the reasons given by Ms. White for leaving fall under the category of personal reasons; (2) there was no showing her health problems were work-connected; (3) there was no evidence her leaving was connected with a lack of overtime compensation; and (4) Ms. White failed to protect her employment by taking steps to ameliorate the situation.
From an examination of the record, we are satisfied that the Board's factual findings are supported by substantial credible evidence and that we are obliged to follow them. See Self v. Board of Review, 91 N.J. 453, 459 (1982).
This is a case where it is abundantly clear that the job pressures imposed by the employer were so compelling and so onerous as to leave Ms. White with no reasonable alternative to leaving. Given the professional status of Ms. White's position, the need for some extra work was implicit. We agree with *299 Radio that the Board's alternative conclusion that Ms. White was not compensated for excessive overtime work was unfounded and irrelevant. However, the extra time required for a professional's obligation to produce a result rather than punch a time clock has a correlative requirement that the professional be given reasonable goals and the support necessary to perform. As the Board noted in its decision, "an individual is entitled to enjoy a normal, healthful, communal life and if unusual conditions of work interfere therewith an individual who quits for such reason has good cause attributable to such work for [leaving]...." Here the record discloses escalating demands on Ms. White as others left employment without replacement and finally the word processor she was using was removed. This meant she could no longer edit her material "on-line" and lost the advantage of automatic justification functions critical to the editorial process. With the loss of the word processor, she was reduced to having copy typed, waiting for typed copy, editing and waiting for retyped copy  perhaps a number of versions. Ms. White's estimate that this alone added six hours to her work week is fully credible.
Good cause is a "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." See Condo v. Board of Review, 158 N.J. Super. 172, 174 (App.Div. 1978). When the pressure of work-related circumstances may reasonably be viewed as having compelled an employee to leave a job, good cause exists. See Krauss v. A & M Karagheusian, 13 N.J. 447, 464 (1953). The test is one of ordinary common sense and prudence. See Zielenski v. Bd. of Rev., Div. of Emp. Sec., 85 N.J. Super. 46, 52 (App.Div. 1964). In the instant case, the compulsion of work-related circumstances is manifest. The Board found Ms. White's duties, under the circumstances of her employment, were forcing her to work 60 to 80 hours a week, to forego meals and obtain medical care for fatigue, nutritional problems and a mild depression. Her complaints to her employer fell on deaf ears. Her story is reminiscent of Charles Dickens. As *300 noted, the Board's findings are fully supported by sufficient credible evidence in the record. See Close v. Kordulak Bros., 44 N.J. 589, 599 (1965).
Affirmed.