■ In the Matter of the Claim of PATRICIA A. HUGHES, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. [603 NYS2d 616] —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 23, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a unit director for an organization that provides counseling services, voluntarily left her employment because she believed that staff reductions had created an atmosphere of tension and danger. Claimant's initial disqualification from benefits for voluntarily leaving her employment without good cause was overruled by an Administrative Law Judge, who concluded that claimant was justified in quitting her job. The Unemployment Insurance Appeal Board, however, reversed the decision of the Administrative Law Judge and sustained the initial determination, resulting in this appeal by claimant.

"[G]eneral dissatisfaction with job conditions is not a valid excuse to terminate employment and receive benefits" *(Matter of Wigutow [Roberts],* 138 AD2d 817), but fear for one's personal safety may constitute good cause for leaving employment *(Matter of Konjevic [Ross],* 80 AD2d 696, 697). "[E]ach factual situation must be reviewed to determine if the employee has reasonable grounds to conclude that his personal safety is being endangered and that the conduct complained of is such as to inculcate in the employee a genuine fear" *(Matter of Fried [Ross],* 54 AD2d 521; *see, Matter of Stark [Ross],* 66 AD2d 942). Claimant contends that the Board failed to make the necessary factual determination concerning reasonable grounds and genuine fear, but we disagree.

It is clear from its decision that the Board found claimant's concerns to be the result of a personal disagreement with the employer's method of operation, not a genuine fear founded upon reasonable grounds. The Board noted that the employer had responded to the short staffing problem by discharging some clients and discontinuing part of a program. The Board also noted the absence of any specific incidents where the short staffing created a dangerous situation. Claimant's feelings, without more, were found by the Board to be personal and noncompelling reasons for leaving her employment. The Board was not required to accept claimant's testimony that the staff reductions created a significant safety problem and a significant risk to her professional reputation *(see, Matter of Di Maria [Ross],* 52 NY2d 771) and properly based its determination upon all of the relevant facts and circumstances, including the employer's response to the short staffing problem and the absence of any specific incidents *(see, Matter of Fisher [Levine],* 52 AD2d 1006). As to claimant's constitutional challenge to the provisions of Labor Law § 538 which limit fees of attorneys for claimants, we see no basis for reconsidering our holding in *Matter of Reich (Ross)* (53 AD2d 925).

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.