■ In the Matter of the Claim of TARA L. NESTOR, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 667] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the finding of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. Claimant was employed as a billing clerk in a physician's office when she became intimately involved with one of the physicians who, at the time, was separated from his wife. When the physician eventually reconciled with his wife, the relationship ended amicably and claimant continued working. Soon thereafter, the physician was hospitalized and arranged for his wife to temporarily manage the office. Once claimant learned of this arrangement, she failed to return to work because the wife had allegedly confronted her about the relationship and threatened to "make [her] life miserable". While a reasonable fear for one's safety constitutes good cause to resign (*see, Matter of Torres [Sweeney]*, 241 AD2d 743), the record is devoid of evidence to support a reasonable belief that claimant's physical safety was endangered. In any event, the Board was free to resolve the conflicting evidence and credit the wife's testimony that she had no knowledge of the prior relationship at the time claimant left her employment (*see, Matter of Hughes [Hartnett]*, 198 AD2d 647, *lv denied* 83 NY2d 751).

Mikoll, J. P., White, Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.