**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4448-17T2

DENNIS SANSEVERINO,

      Appellant,

v.

BOARD OF REVIEW and
FOULKE MANAGEMENT
CORPORATION, c/o DUNN
CORPORATE RESOURCES,
INC.,

      Respondents.

_____

        Submitted February 27, 2019 – Decided March 13, 2019

        Before Judges Nugent and Mawla.

        On appeal from the Board of Review, Department of Labor, Docket No. 143,859.

        Dennis Sanseverino, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Aimee Blenner, Deputy Attorney General, on the brief).

Respondent Foulke Management Corporation has not filed a brief.

PER CURIAM

Appellant Dennis Sanseverino appeals from a May 1, 2018 decision by the Board of Review, Department of Labor (Board), denying him unemployment benefits for voluntarily leaving his employment without good cause. We affirm.

This matter arises from an appeal by respondent, Foulke Management Corp., from a February 15, 2018 determination by a Deputy Director of the Division of Unemployment and Disability Insurance finding appellant eligible for unemployment benefits as of January 21, 2018. A hearing occurred before the Appeal Tribunal, which determined appellant voluntarily quit his employment, and thus disqualified him for unemployment benefits. The Board subsequently affirmed the Tribunal's decision.

We take the following facts from the record. Appellant was a car sales consultant employed by respondent from September 2013 to January 17, 2018. His pay was commission-based. When he did not sell vehicles, respondent paid him a draw of $350 per week. When appellant sold a vehicle, the draw he had been paid would be deducted from the commission earned on the sale in the form of a "charge back."

A-4448-17T2

On January 17, 2018, appellant learned his pay was reduced by $2100 as a charge back for draws paid to him during the preceding weeks. Appellant testified he became "very, very upset" with his manager over the loss of pay. Appellant's manager testified on behalf of respondent and confirmed appellant was "getting crazy on the sales floor." As a result of appellant's conduct, his manager suspended him for "a couple of days."

Appellant left work, and later that day, his manager sent him the following text: "Dennis, I want you to know how upset I am with you for getting my salesmen riled up with something that had nothing to do with them. I have always tried to help you when you needed help. I asked you not to get in the heads of my guys." Appellant texted his manager on January 17, 21, 22, and 23, 2018, asking to speak with him, but never returned to work following his two-day suspension. On January 22, 2018, appellant returned to work to remove his belongings, which were relocated to a filing cabinet from a desk he shared with another salesperson, and placed them in the trunk of his car.

The manager did not respond to appellant's texts until January 23, 2018. The manager's text stated: "I was out sick. I told you to take a couple of days, but I heard you came in and cleaned out your desk. So, I'm taking this as you resigned. I don't think that's the best decision but I guess you need to do what

3

you need to do." Appellant responded: "That is not true. . . . I've been texting you[.] . . . I did not resign." Appellant and his manager traded similar texts until January 26, 2018. However, the manager testified appellant never returned to work.

The Tribunal stated:

> In this case the claimant was told that his suspension was for a couple of days. A couple of days means two days. The claimant came in to work on [January 22, 2018] and removed all of his belongings. The claimant did not stay and work. The next contact was on [January 23, 2018,] when . . . his manager . . . asked why the claimant did not return to work. The claimant did not give a direct answer and never returned to work. The employer never told the claimant he was terminated and explained, more than once, that he had been suspended for two days.

The Tribunal concluded appellant left work voluntarily without good cause attributable to the work and disqualified him for benefits as of January 14, 2018. The Board affirmed for the reasons expressed by the Tribunal. This appeal followed.

I.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We do not disturb the agency's decision unless it is arbitrary, capricious, or

unreasonable or inconsistent with the applicable law. Ibid. "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). Thus, "[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).

On appeal, appellant argues he did not voluntarily leave work, but intended to return. He asserts his manager stated he would contact appellant regarding when he could return to work and never stated appellant's suspension was for two days.

## II.

An employee who has left work voluntarily has the burden to prove he or she did so with good cause attributable to the work, and thus has the right to unemployment compensation. Brady, 152 N.J. at 213, 218. An individual is disqualified from receiving benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each

A-4448-17T2

week thereafter until the individual becomes reemployed and works eight weeks in employment[.]" N.J.S.A. 43:21-5(a).

Good cause is "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." "The decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones." Domenico, 192 N.J. Super. at 288. Further, "[m]ere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Ibid. (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). A petitioner who leaves work for a personal reason, no matter how compelling, is subject to disqualification. Self, 91 N.J. at 460.

The record contains substantial credible evidence supporting the Board's conclusion that appellant voluntarily left his employment when he failed to

return after his two-day suspension. There is no evidence appellant was terminated. The credible evidence in the record demonstrated his manager expected him to return. The storage of appellant's belongings in a cabinet occurred because he did not return to work and shared a desk with another employee. Furthermore, appellant's return to work was only to remove his belongings, which he took off site. This conduct was inconsistent with an employee who took the steps necessary to preserve his position. For these reasons, appellant has not established good cause for leaving his employment, or that the Board's decision was arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4448-17T2