**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0118-17T4

SUSAN MANLEY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and METROPOLITAN PLANT
EXCHANGE, INC.,

     Respondents.

_____

Submitted May 22, 2019 – Decided June 6, 2019

Before Judges Vernoia and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket No. 114,629.

Susan Manley, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Respondent Metropolitan Plant Exchange, Inc. has not filed a brief.

PER CURIAM

Claimant Susan Manley appeals from a Board of Review (Board) final agency decision adopting an Appeal Tribunal determination that she is disqualified from receiving unemployment compensation benefits because she did not leave her job at a florist shop for good cause attributable to the work, see N.J.S.A. 43:21-5(a), and ordering that she refund $881 in benefits she received during her disqualification, see N.J.S.A. 43:21-16(d).  We affirm.

Manley was employed by Metropolitan Plant Exchange, Inc. (Metropolitan), from May 31, 2016, until she resigned on January 27, 2017. Following her resignation, she received $881 in unemployment compensation benefits for the weeks ending February 18, 2017, through March 4, 2017.

The Deputy Director later notified Manley that she was disqualified for benefits as of January 22, 2017, because she left work with Metropolitan without good cause attributable to the work.  The Deputy Director also determined Manley was liable to refund the $881 in benefits she received.  Manley appealed the disqualification and refund order.

The Appeal Tribunal conducted a telephonic hearing on Manley's appeal. Manley testified that in October 2016, she advised her supervisor at

A-0118-17T4

Metropolitan that she obtained a part-time job with another employer. Manley said the supervisor reacted negatively to the announcement and thereafter mistreated her. Manley testified that in one instance another employee, a cashier, was selected over her to perform floral work while they were both at work in Metropolitan's facility.[1]

Manley also claimed that after working thirty-seven and a half hours per week through October, November and December, the supervisor reduced her weekly work hours to twenty-seven and a half beginning in January 2017 because Metropolitan's business slowed following the year-end holidays. The hours of other employees were also reduced, and Manley acknowledged Metropolitan's business slowed during the early portion of the calendar year. Manley testified the supervisor said her hours would increase when business improved. Manley searched for work with another employer due to her dissatisfaction with the supervisor's purported treatment. She resigned from Metropolitan on January 27, 2017.

The Appeal Tribunal found Manley voluntarily left her job because of the working environment, but she failed to present evidence establishing the

---

[1] Manley also testified the supervisor threw out her coffee cup, but admitted she had no personal knowledge or other evidence supporting that claim.

supervisor's behavior "was unduly harsh [such] that the working conditions were so severe as to cause [her] to leave available work for no work at all."  The Appeal Tribunal concluded Manley was therefore "disqualified for benefits as of [January 22, 2017,] in accordance with N.J.S.A. 43:21-5(a)," and ordered that she refund the $881 in benefits she received during the period of her disqualification.  See N.J.S.A. 43:21-16(d).  Manley appealed.

The Board initially ordered a remand for a new hearing because a complete and audible record of the Appeal Tribunal hearing was not available for review.  The Board vacated the remand order after receiving a digital recording of the hearing.  In its final decision, the Board affirmed the Appeal Tribunal's findings and conclusion, upheld Manley's disqualification and ordered the $881 refund.  This appeal followed.

In her pro se brief on appeal, Manley offers the following arguments for our consideration:

> POINT 1
>
> THE DECISION WAS INCORRECT, BECAUSE MY UNEMPLOYMENT BENEFITS WERE AWARDED, AND IF THERE WAS A QUESTION REGARDING MY ELIGIBILITY THEN THE BENEFITS SHOULD NOT HAVE BEEN AWARDED AT THAT TIME, AND A NOTICE SHOULD HAVE AUTOPOPULATED DURING THE APPLICATION PROCESS TO ADVISE THERE WAS AN ISSUE.

AND IN ADDITION, WHY WOULD I CONTINUE TO BE SENT A NOTICE FROM BOTH UNEMPLOYMENT AND THE BOARD OF REVIEW PROCESS SAYING I MUST CONTINUE TO CLAIM BENEFITS OR I COULD LOSE ELIGIBILITY IF THERE WAS A QUESTION ABOUT MY ELIGIBILITY, AND THIS IS VERY CONFLICTING INFORMATION.

POINT 2

WHEN I SPOKE WITH NANCY THE HR REPRESENTATIVE AT METROPOLITAN PLANT SHE ADVISED ME THE COMPANY WOULD NOT DENY UNEMPLOYMENT TO ANYONE OF THEIR EMPLOYEES SO WHY IS THERE AN ISSUE WITH MY ELIGIBILITY.

POINT 3

AND IN ADDITION, WHY WOULD I CONTINUE TO BE SENT A NOTICE FROM BOTH UNEMPLOYMENT AND THE BOARD OF REVIEW PROCESS SAYING I MUST CONTINUE TO CLAIM BENEFITS OR I COULD LOSE ELIGIBILITY IF THERE WAS A QUESTION ABOUT MY ELIGIBILITY, AND THIS IS VERY CONFLICTING INFORMATION.

Our review of decisions by administrative agencies is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016). We reverse if the

decision of the administrative agency is "'arbitrary, capricious, or unreasonable,' the determination 'violate[s] express or implied legislative policies,' the agency's action offends the United States Constitution or the State Constitution, or 'the findings on which [the decision] was based were not supported by substantial, credible evidence in the record.'" Ibid. (alterations in original) (quoting Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the person challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006); see also Brady v. Bd. of Review, 152 N.J. 197, 218 (1997) ("Claimants bear the burden of proof to establish their right to unemployment benefits.").

Under N.J.S.A. 43:21-5(a), a person is ineligible for unemployment benefits if he or she leaves work voluntarily without good cause attributable to such work. N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." "The decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983). Further, "[m]ere dissatisfaction with working

conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Ibid. (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "In the wake of a voluntary departure from work, the claimant bears the burden 'to establish good cause attributable to such work for leaving.'" Ardan v. Bd. of Review, 231 N.J. 589, 603 (2018) (quoting N.J.A.C. 12:17-9.1(c)).

We discern no basis to reverse the Board's determination that Manley failed to sustain her burden of establishing she resigned for good cause attributable to the work. She did not present any evidence demonstrating she was subject to conditions leaving her no choice but to resign. N.J.A.C. 12:17-9.1(b). Manley argues she resigned because she was subject to bullying by her supervisor. The record, however, is devoid of any evidence supporting that characterization of her supervisor's actions. She failed to present any evidence establishing a "cause sufficient to justify [her] voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico, 192 N.J. Super. at 287 (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). The Board correctly concluded she is disqualified from benefits following her voluntary resignation.

We also find no merit in Manley's argument that the Board erred by requiring that she refund the benefits paid during her disqualification. N.J.S.A. 43:21-16(d)(1)

requires that a claimant refund benefits received while she "was disqualified from receiving benefits." Manley contends she should be exempt from the requirement that she refund the benefits because she received the benefits in good faith and without fault. It is well-settled, however, that "N.J.S.A. 43:21-16(d) requires the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits." Bannan v. Bd. of Review, 299 N.J. Super. 671, 674 (App. Div. 1997). Requiring the refund of benefits paid when a claimant is disqualified "furthers the purpose of the unemployment compensation laws," prevents the depletion of the "Unemployment Trust Fund" by "recoup[ing] benefits erroneously paid to an unentitled recipient, however blameless he or she may have been," ibid., and is required by federal law, see 42 U.S.C. § 503, for states receiving federal funds used to assist in the administration of unemployment compensation laws, Bannan, 299 N.J. Super. at 675.

Manley's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0118-17T4