**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2215-19

JEROME D. JETER,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and THRIFT DRUG, INC.,

     Respondents.

_____

Submitted April 13, 2021 – Decided May 5, 2021

Before Judges Yannotti and Haas.

On appeal from the Board of Review, Department of Labor, Docket No. 199,594.

Jerome D. Jeter, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Jane C. Schuster, Assistant Attorney General, of counsel; Alexis F. Fedorchak, Deputy Attorney General, on the brief).

PER CURIAM

Jerome D. Jeter appeals from a final determination of the Board of Review (Board), which found he was not entitled to unemployment benefits pursuant to N.J.S.A. 43:21-5(a). We affirm.

Jeter was employed by Thrift Drug, Inc. (TD) in Toms River as a full-time cashier from September 27, 2018, through July 25, 2019, when he took a personal leave of absence. He was expected to return to work on September 25, 2019; however, he did not do so.

On September 29, 2019, Jeter filed a claim for unemployment benefits. On November 22, 2019, the State's Department of Labor and Workforce Development (Department) mailed Jeter a notice, which stated that he was disqualified for benefits pursuant to N.J.S.A. 43:21-5(a) because he left his position at TD for personal reasons, which did not constitute good cause attributable to the work.

The Department's notice also stated that Jeter was disqualified for benefits from September 22, 2019, and the disqualification would continue until he has worked eight or more weeks and earned at least ten times his weekly benefit rate. In addition, the Department informed Jeter that he had to refund $764 in benefits he had received for the weeks ending October 5 through October 26, 2019.

A-2215-19

On November 30, 2019, Jeter appealed the Department's disqualification decision and the demand for refund to the Appeal Tribunal. On December 30, 2019, an Appeals Examiner conducted a telephonic hearing on the appeal.

At the hearing, Jeter testified that he had been employed as a full-time cashier at TD's Toms River location. He stated that July 25, 2019, was the last day he worked and shortly thereafter, he took a personal leave of absence.

Jeter said his father had been in a "life threatening" motor vehicle accident and could not return to work. He stated that the family was evicted from its home and relocated from the Toms River area. Jeter was staying with a friend in Jersey City and his mother, father and siblings were residing in Plainfield.

Jeter said he was expected to return to work at TD sometime "around the end of September" 2019, and before that date, he contacted his employer. His "boss" was on vacation, so he spoke with her supervisor. She could not approve another extension of his leave.

Jeter testified that he could not return to work because he did not have access to his car, and he was living too far from Toms River to commute. He also stated that he could not afford to commute to work by bus. He admitted that after he filed his claim for unemployment benefits, he had received $764 in benefits.

TD's representative Jose Ramirez testified that Jeter's last day at work was July 25, 2019, and thereafter he went on personal leave. Jeter was expected to return to work on September 25, 2019, but he did not return. Ramirez stated that if Jeter had returned to work as planned, TD would have provided him with "some kind" of a work schedule. He stated that Jeter was not under any threat of being discharged from his position.

Ramirez further testified that Jeter had essentially abandoned his job at TD to take care of personal matters, although the employer had continuing work available for him at that time. Jeter asserted, however, that he was willing to return to work but "there was nothing [he] could do to get there." He stated that he did not return to work "due to circumstances beyond [his] control . . . ." He said he did not quit his position.

The Appeals Examiner issued a written decision, which was mailed on December 30, 2019. The Appeals Examiner noted that to avoid disqualification for benefits under N.J.S.A. 43:21-5(a), a claimant must show he or she left work for good cause attributable to the work. The Appeals Examiner explained that a claimant who leaves a position for personal reasons, no matter how compelling, is subject to disqualification of benefits.

A-2215-19

The Appeals Examiner also found that Jeter was liable to refund the $764 he received as benefits pursuant to N.J.S.A. 43:21-16(d). Thereafter, Jeter filed an appeal to the Board, which issued its final decision on January 23, 2020. The Board affirmed the Appeal Tribunal's decision. Jeter's appeal to this court followed.

On appeal, Jeter argues that he did not leave his position at TD voluntarily. He contends he had every intention to return to work but due to "[t]his unfortunate situation" and the fact that he was living "far away with no means of transportation," he was unable to return to work. He asserts he failed to return to work for reasons that were "totally and completely out of [his] control."

The scope of our review in an appeal from a final determination of an administrative agency is strictly limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, or unreasonable. Ibid. (citing In re Warren, 117 N.J. 295, 296 (1989)).

We can only intervene "in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Ibid. (quoting George Harms Constr. v. Tpk. Auth., 137 N.J. 8, 27 (1994)). Furthermore, when we review "the factual findings made in an

unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)).

Here, the Appeal Tribunal and the Board found that Jeter was disqualified from unemployment benefits pursuant to N.J.S.A. 43:21-5(a), which states that an individual may not receive benefits if the individual "left work voluntarily without good cause attributable to such work . . . ." The statute does not define the term "good cause." However, N.J.A.C. 12:17-9.1(b) states that "good cause attributable to [the] work" is "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment."

Moreover, we have construed the term "good cause" in N.J.S.A. 43:21-5(a) to mean a "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Rev., 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Rev., 158 N.J. Super. 172, 174 (App. Div. 1978)). We have also noted that "it is the employee's responsibility to do what is necessary and reasonable in order to remain employed." Id. at 288.

We are convinced that there is sufficient credible evidence in the record to support the Board's determination that Jeter was disqualified for benefits under N.J.S.A. 43:21-5(a) because he left work for personal reasons, not for any reason "attributable to [the] work." Jeter admitted he did not return to work when he was expected because he had relocated from the Toms River area to a location that was too far away, did not have access to a car, and could not afford to commute to work by bus.

It is well established that those, like Jeter, who leave work due to transportation difficulties are disqualified for benefits under N.J.S.A. 43:21-5(a). Self v. Bd. of Rev., 91 N.J. 453, 456-57 (1982) (first citing Morgan v. Bd. of Rev., 77 N.J. Super. 209, 211-12 (App. Div. 1962); and then citing White v. Bd. of Rev., 146 N.J. Super. 268, 269-71 (App. Div. 1977)). Therefore, the record supports the Board's determination that Jeter was not entitled to benefits.

The Board also correctly found that Jeter was required to refund the $764 he had been paid as benefits for the weeks ending October 5 through October 26, 2019. Under N.J.S.A. 43:21-16(d), the agency is entitled to recoup benefits erroneously paid to persons who are not entitled to payment, "however blameless he or she may have been." Bannan v. Bd. of Rev., 299 N.J. Super.

671, 674 (App. Div. 1997). Jeter has not asserted any facts that would warrant

a waiver of the refund requirement pursuant to N.J.A.C. 12:17-14.2(a)(3).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2215-19