**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1895-20

JUDY A. TEWIAH,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR and
PROGRESSIVE CASUALTY
INSURANCE CO.,

     Respondents.

_____

Submitted May 31, 2022 – Decided July 29, 2022

Before Judges Sumners and Firko.

On appeal from the Board of Review, Department of Labor, Docket No. 218347.

Judy Tewiah, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

PER CURIAM

Judy Tewiah appeals from the final agency decision of the Board of Review (the Board) affirming the Appeal Tribunal's decision that she was disqualified from receiving unemployment benefits under N.J.S.A. 43:21-5(a) because she left her employment at Progressive Casualty Insurance Company (Progressive) voluntarily without good cause attributable to the work. We affirm.

In accordance with N.J.S.A. 43:21-5(a), an employee who resigns is entitled to unemployment benefits so long as the resignation for "good cause attributable to" the work. Brady v. Bd. of Review, 152 N.J. 197, 218 (1997); N.J.A.C. 12:17--9.1(c). "Good cause" means "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978).

Having conducted a telephonic hearing in which Tewiah, her supervisor Christine Leonard, and human resources consultant Molly Kranys testified, the Appeal Tribunal denied Tewiah's claim that she was entitled to unemployment benefits because she involuntarily resigned due to discrimination, a hostile work environment, and retaliation affecting her medical condition that required surgery; and the denial of her rights under the Family Medical Leave Act

A-1895-20

(FMLA), 29 U.S.C. §§ 2601-2654. Tewiah had worked at Progressive for nearly four years when she gave three weeks' notice of her resignation to Leonard and Kranys. Tewiah stated that she asked for accommodations when she had to take time off to care for a sick family member and was "basically refused." Kranys disagreed, testifying that Tewiah never filed for FMLA or requested accommodations. Tewiah responded that she did not realize she could use FMLA and that management should have explained it to her.

The Appeal Tribunal found Tewiah did not provide any evidence of her medical condition or Progressive's allowance of a hostile work environment. The Appeal Tribunal found it was undisputed that Tewiah complained to her supervisors in 2018 about mistreatment by her peers and Progressive attempted to investigate the situation; however, she did not provide the information necessary for the employer to complete the investigation. In addition, the Appeal Tribunal determined Progressive did in fact reprimand a manager in response to Tewiah's complaints regarding the manager's inappropriate comments towards her. Regarding Tewiah's complaint that she was not promoted, the Appeal Tribunal found she was not promised nor entitled to a promotion. Additionally, while Tewiah claimed she was forced to resign because she was not provided accommodations, the Tribunal derermined that

3

"the undisputed testimony of both parties showed that . . . [Tewiah] received an accommodation from . . . [Progressive] based on [its] needs."

Applying our limited scope of review, In re Stallworth, 208 N.J. 182 (2011) (citation omitted), we conclude Tewiah's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E). We are satisfied that the Board's decision was not arbitrary, capricious, unreasonable, unsupported by substantial credible evidence as a whole, or inconsistent with the enabling statute or legislative policy. See Brady, 152 N.J. at 210-11. There is no basis to disturb the Board's decision, and we affirm substantially for the reasons expressed by the Appeal Tribunal as adopted by the Board.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION