NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5260-15T2

MARGARET CARR,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
AND ELITE CARE NJ, LLC
a/k/a NEW HORIZONS
PARTIAL CARE PROGRAM,

 Respondents.

_______________________________________

 Submitted September 14, 2017 – Decided October 11, 2017

 Before Judges Haas, Rothstadt and Gooden
 Brown.

 On appeal from the Board of Review, Department
 of Labor, Docket No. 077,606.

 Margaret Carr, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Aimee Blenner, Deputy
 Attorney General, on the brief).

 Respondent Elite Care NJ, LLC has not filed a
 brief.
PER CURIAM

 Appellant Margaret Carr appeals from the April 13, 2016 final

decision of the Board of Review ("Board") affirming the Appeal

Tribunal's determination that she was disqualified for

unemployment compensation benefits under N.J.S.A. 43:21-5(a)

because she left work voluntarily without good cause attributable

to the work. We affirm.

 We discern the following facts from the record. Carr was

employed by Elite Care NJ, LLC as a certified alcohol and drug

counselor from August 2014 through November 14, 2015. Initially

Carr was supervised by a licensed clinical social worker as

required by regulation. See N.J.A.C. 13:34C-6.3(a)(3). In 2015,

her supervisor was replaced by an individual who did not hold the

required certification. Carr determined that she was not legally

permitted to perform her job functions without a properly certified

supervisor and that doing so would jeopardize her own state

certification.

 Carr brought her concerns to Elite's attention, but it did

not take any action toward replacing the supervisor. After raising

her concerns with Elite, problems arose between Carr and her

supervisor. Carr ultimately resigned on November 14, 2015 because

of Elite's failure to remedy the situation. Prior to her

resignation, Carr did not lodge any complaints with the State

 2 A-5260-15T2
Alcohol and Drug Counselor Committee, the entity responsible for

issuing certifications to alcohol and drug counselors and

overseeing the profession. See N.J.S.A. 45:2D-1 to -12; see also

N.J.A.C. 13:34C-1.1 to -6.4.

 Carr applied for unemployment benefits in November 2015, and

was notified on December 17, 2015, that she was ineligible for

benefits because she left work voluntarily without good cause

attributable to the work. Carr appealed the determination to the

Appeal Tribunal, which conducted a telephonic hearing and found

that she was ineligible for benefits. In its January 20, 2016

written decision, the Appeal Tribunal found that Carr left her job

voluntarily without good cause attributable to the work because

she failed to demonstrate that there was any merit to her belief

that her certification was ever in jeopardy or that the tension

between Carr and the uncertified supervisor created an adverse

condition that justified Carr's resignation.

 Carr appealed the Appeal Tribunal's determination and, in its

April 13, 2016 decision, the Board affirmed. In its written

decision, the Board noted that it considered a post-hearing

submission that Carr made and found that it further supported its

conclusion that the Appeal Tribunal's decision was correct. The

Board stated:

 3 A-5260-15T2
 On the basis of the record below, we agree
 with the decision reached. Additionally, on
 appeal to the Board of Review, the claimant
 presents a copy of a complaint she filed on
 March 18, 2016 with the Division of Consumer
 Affairs State Board of Social Work Examiners
 concerning this situation. The complaint
 demonstrates that the claimant did not take
 reasonable steps to resolve her grievances
 prior to leaving work. The fact that the
 claimant's license could have been revoked due
 to the lack of proper supervision remains a
 mere speculation; there has been no relevant
 evidence presented to establish it as a
 factual matter.

 This appeal followed.

 Before us, Carr contends the Board erred in finding she was

disqualified for benefits pursuant to N.J.S.A. 43:21-5(a). We

disagree.

 Our review of an administrative agency decision is limited.

Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "[I]n reviewing

the factual findings made in an unemployment compensation

proceeding, the test is not whether [we] would come to the same

conclusion if the original determination was [ours] to make, but

rather whether the factfinder could reasonably so conclude upon

the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J.

Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings

are supported 'by sufficient credible evidence, [we] are obliged

to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J.

 4 A-5260-15T2
453, 459 (1982)). Only if the Board's "action was arbitrary,

capricious, or unreasonable" should it be disturbed. Ibid.

 The New Jersey Unemployment Compensation Law states an

individual shall be disqualified for benefits:

 For the week in which the individual has left
 work voluntarily without good cause
 attributable to such work, and for each week
 thereafter until the individual becomes
 reemployed and works eight weeks in
 employment, which may include employment for
 the federal government, and has earned in
 employment at least ten times the individual's
 weekly benefit rate, as determined in each
 case.

 [N.J.S.A. 43:21-5(a).]

N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such

work" as "a reason related directly to the individual's employment,

which was so compelling as to give the individual no choice but

to leave the employment."

 Appellant admitted during the hearing that she left her job

voluntarily. The crux of her claim on appeal is that she left

voluntarily with good cause–—specifically, that Elite's failure

to insure that her supervisor be "a professional who possess a

clinical license . . . constitut[ed] good cause attributable to

the work." We disagree.

 As a preliminary matter, Carr had the burden of proof in

establishing that she left her job for good cause attributable to

 5 A-5260-15T2
her work. Brady, supra, 152 N.J. at 218. Carr was also obligated

to establish that she did everything "necessary and reasonable in

order to remain employed." Domenico v. Bd. of Review, 192 N.J.

Super. 284, 288 (App. Div. 1983). That burden can be satisfied

by evidence that she was required to engage in unethical or illegal

practices. See Casciano v. Bd. of Review, 300 N.J. Super. 570,

576-77 (App. Div. 1997) (finding the employee was justified in

resigning to avoid participating in the employer's "immoral if not

illegal conduct").

 In this case, the Appeal Tribunal found, and the Board agreed,

that Carr's resignation was due to her incorrect interpretation

of the applicable regulations and her failure to take any action

to protect her employment prior to resigning. These findings are

supported by credible evidence in the record. Specifically, Carr

failed to seek any determination by the regulatory committee that

her concerns about her employer's actions were legitimate or that

her own certification was in jeopardy. The applicable regulations

make provision for specific actions to be taken to correct any

valid "inadequacies" after the regulatory committee receives

notification of an issue with a certified drug and alcohol

counselor's supervision. See N.J.A.C. 13:34C-6.4(c).

 Under the circumstances, we agree that Carr did not utilize

all of the resources available to her, such as reporting her

 6 A-5260-15T2
concerns to the proper regulating authority, in order to protect

her position. We discern no basis for disturbing the Board's

determination, as Carr has not demonstrated that it was arbitrary,

capricious, or unreasonable.

 Affirmed.

 7 A-5260-15T2